24  401
28  346

---

No. 2735.

NARCISSO MORENO AND PABLO MORENO *v*. THE STATE.

1. THEFT—POSSESSION OF RECENTLY STOLEN PROPERTY—CHARGE OF THE COURT.—Possession of stolen property, whether recent or remote, is a circumstance admissible in evidence, to be considered by the jury in connection with the other proof in the case. But to warrant the inference of guilt from the possession alone, the possession must be a personal one; must be recent and unexplained, and must involve a distinct and conscious assertion of claim by the possessor. Note the opinion for a state of proof to which this rule applies; wherefore, in refusing a special charge in harmony with the principle, the trial court erred.

2. SAME.—But note that, in this case, even had the charge been given, the evidence would not support a conviction, because recent possession

alone, without an opportunity to explain, will not authorize a verdict of guilty. Had the special charge been given, the evidence would still have demanded the award of a new trial.

3. SAME—FACT CASE.—See the opinion in extenso for a summary of the inculpatory proof in this case *held* insufficient to support a conviction for theft of cattle.

APPEAL from the District Court of LaSalle. Tried below before the Hon. D. P. Marr.

The opinion discloses the case. The penalty assessed was a term of five years in the penitentiary against each of the appellants.

No brief for the appellants.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. Narcisso Moreno and Pablo Moreno, with Nicolas and Geronimo Moreno, were jointly indicted for the theft of three head of cattle, the property of H. C. Yeager. Narcisso and Pablo were convicted.

The criminative facts are these: The prosecutor, in company with Captain McKinney, sheriff and posse, went to the house of Nicolas Moreno. Nicolas is the father of the appellants. The accused lived in three houses about forty steps apart. In the house of Pablo Moreno a hide was found which was taken from a cow, the property of the prosecutor. In a hole of water about sixty yards from the house, another hide was found, which also belonged to a cow of the prosecutor. Yeager states that no hides were found in Narcisso's house, and that he knew of nothing connecting Narcisso with the hides, except that he lived on the ranch, and is a brother of Pablo and a son of Nicolas Moreno. The witnesses state that the parties were not called upon to explain the possession of the hides.

Condensed, the case made against Pablo is that a hide which was taken from a cow of the prosecutor is found in his house. When arrested, he was not informed of the cause; his attention was not called to the fact that the hide was found in his house, and that he was suspected of the theft of the animal. In fact, he was not called upon, directly or circumstantially, for an explanation of the fact that the hide from a stolen animal was

found in his house. Here we have a case, putting it most strongly against the accused, of recent possession of the stolen property—holding the fact that the hide was in his house equivalent to recent possession.

This being the case, counsel for appellant requested this charge: " The possession of stolen property, whether recent or remote, is a circumstance admissible in evidence, to be considered by the jury, in connection with the other proof in this case. But to warrant the inference of guilt from the possession alone, the possession must be a personal one, must be recent and unexplained, and must involve a distinct and conscious assertion of claim by the possessor. To convict solely on recent possession of stolen property, and to make it a prima facie case, the property must be stolen by some person; the possession must be recent; the defendant must be called upon to explain, and fail to explain, or to fail to explain when the facts are such as to require an explanation, defendant having had an opportunity to do so."

We are of opinion that the case demanded the above charge, and its refusal was error. (Robinson v. The State, 22 Texas Ct. App., 670; Ayers v. The State, 21 Texas Ct. App., 395; Lehman v. The State, 18 Texas Ct. App., 174; Sullivan v. The State, Id., 623; York v. The State, 17 Texas Ct. App., 441; McNair v. The State, 14 Texas Ct. App., 83.)

Again, suppose the above charge had been given, and the jury had convicted, the motion for new trial should have been granted, because recent possession alone, without an opportunity to explain, is not sufficient to warrant the verdict. There is no criminating circumstance in this case save the fact that the hide was found in Pablo Moreno's house. As to Narcisso Moreno, there is no inculpatory fact, except that he lived in a house about forty steps from his father, was the brother of the other defendant, and the son of Nicolas Moreno. The judgment is reversed because the court erred in not giving the requested charge, and because the evidence fails to support the verdict as to both appellants.

*Reversed and remanded.*