ED BENNETT v. THE STATE.

No. 4955.   Decided April 10, 1918.

**1.—Assault to Murder—Aggravated Assault—Principals—Charge of Court.**

Where, upon trial of assault to murder and a conviction for aggravated assault, there was testimony by which the jury could find that the defendant and other parties were acting together in committing the assault, there was no error in submitting a charge on the law of principals, and also submitting the converse proposition.

**2.—Same—Evidence—Conspiracy—Principals—Bill of Exception.**

Where, upon trial of assault to murder, the defendant objected to certain testimony introduced by the State showing that the defendant and other parties acted together in the assault, but the bill of exceptions was insufficient to verify the objection, the same can not be considered on appeal.

**3.—Same—Evidence—Acts and Declarations of Third Parties—Res Gestae.**

Where, upon trial of assault to murder and a conviction of aggravated assault, the defendant objected to certain acts and declarations of third parties, but the record showed that they were all acting together participating in the trouble, and also that the matter was res gestae of the transaction, there was no error.

**4.—Same—Evidence—Acts and Declarations of Co-principals.**

Where, upon trial of assault to murder and a conviction of aggravated assault, the State introduced testimony describing the wounds found on the party injured, although it was not shown what party inflicted the wounds, but

that all the parties, including the defendant, acted together, there was no reversible error, under a proper charge of the court.

Appeal from the District Court of Lamar. Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of aggravated assault; penalty, a fine of five hundred dollars and thirty days confinement in the county jail.

The opinion states the case.

*B. B. Sturgeon,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of principals: Coggins v. State, 68 Texas Crim. Rep., 266, 151 S. W. Rep., 311; La Fell v. State, 69 Texas Crim. Rep., 307, 153 S. W. Rep., 884.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of aggravated assault, his punishment being assessed at a fine of $500 and thirty days imprisonment in the county jail.

This is a companion case to that of Terrell v. State, decided during the present term of this court. In a general way, the statement found reported in the Terrell case will be sufficient for this case. There are other matters incidental to this case which will be noticed in connection with the bills of exception.

Appellant reserved exception to the charge because of the fact that the court submitted the issue of principals, contending that such issue was not raised by the testimony. It may be questioned whether or not the court submitted the issue of principals in regard to the aggravated assault phase of the case, and that such charge was only confined to the issue of assault with intent to murder of which appellant was acquitted. There was testimony by which the jury could find that the parties were acting together in committing the assault. That was the State's theory. Appellant's theory was that he acted in self-defense. Appellant was driving an automobile in which was seated a "sporting woman" and her companion named Terrell. Running in the direction of the city of Paris he met Stites, the alleged assaulted party, who was in a buggy, and behind Stites was another buggy driven by Dr. Brooks, who had with him his little son. In passing, appellant's automobile tore off the left hind wheel of Brooks' buggy. The parties all stopped, and a conversation occurred. Stites had a lantern on the front of his buggy, and when the accident happened Stites removed the lantern from his buggy and was looking about the ground where the accident occurred. The conversation occurred between Stites and appellant and became rather animated and led to a personal difficulty. Appellant's contention was that Stites struck him with the lantern and knocked him to his knees, and that he used his knife in cutting Stites in self-defense; that while they were fighting the woman had gotten out of the auto, and through

some exclamation of hers Terrell joined in the fight and stabbed Stites severely. Appellant cut Stites on the face and perhaps other places with his knife. He was fighting Stites at the time that Terrell interfered in the fight and stabbed Stites, and at the same time was cutting Stites himself. The State's theory was that appellant provoked the difficulty, and called Stites a son-of-a-bitch, and began getting his knife out to cut him when Stites was notified to look out, and that he used his lantern only in warding off the blows of appellant. In a general way this is enough of the case to show the two theories.

The court instructed the jury with reference to the law of principals, and informed them if these parties were acting together they could consider the testimony in view of the definition of principals, but if they should find for defendant's theory of the case, that is, that they were not acting together at the time and self-defense was in the case, then they would disregard the law of principals. Under the authorities we are of opinion that the court was correct. If a conspiracy is shown, or the parties acted together in the commission of an offense, the court would be authorized to charge on that phase of the law. If such evidence was not in the case, the charge would be error. But if there is an issue as to whether the parties were acting together as principals, the court should submit that question to the jury for their decision, they being the judges of the weight of the testimony and credibility of the witnesses, and the issue as to whether they were acting as principals or not being in the case, the jury had the right, under appropriate instructions, to decide that question.

The same question is presented from the standpoint of testimony as shown by a bill of exceptions. There were things said and done by the different parties at the time of the fight and while it was in progress, and in fact from the time of the collision between the auto and the buggy. This was all objected to for various reasons as shown by appellant's bill of exceptions. For instance, one of the bills recites while the witness Stites was testifying he stated, among other things: "Buck was sitting in the car with the hood thrown back looking at me, and he jumped out and before I could throw this fellow loose from me he stabbed me and I began to stagger and say: 'Don't let them stab me any more. Buck has killed me.'" Buck was Terrell. It is contended this was not admissible, because the evidence shows that what Buck Terrell said and did was so said and done without the solicitation of the defendant; that defendant did not know what Buck Terrell was going to do, and was not responsible for what he did. These are stated as grounds of objection and not as matters of fact. The court, however, qualifies this bill by stating that no such objection was made to this testimony. So the bill passes out from that viewpoint.

The next bill recites that while the witness Stites was testifying he was asked what was said when he got to where the collision was. Appellant objected to all this and anything that was said or done by Emma Rice and Buck Terrell, because the defendant is not liable for what the

said Emma Rice and Buck Terrell said or did.   These objections being
overruled, the witness testified the woman, Emma Rice, said:   " 'I am
hurt worse than any.   Bring the light around here.'   She began curs-
ing, so I would not go to her.   She says: 'I am skinned from my navel
down.   Bring the light around here.' "   Appellant objected to this be-
cause the evidence shows that he, appellant, was not responsible for what
the woman said.   The court signs the bill with this qualification: "That
the testimony shows that immediately after the automobile run into the
buggy the witness Stites went back to Brooks and then on to the auto-
mobile and asked them in the automobile if they were hurt, and the reply
of Emma Rice is what the defendant objects to in this bill, and while
Emma Rice was talking to Stites the defendant degan to curse Stites,
and from that time on the whole transaction between the parties was
one continuous difficulty, and the defendant, Bennett, and Terrell and
Rice were participants in the fight, either by words or by acts, or both.
The testimony further shows that Emma Rice was cursing and calling
on Terrell to help Bennett and was within a few feet of Bennett and
Stites while they were fighting."

Another bill recites that while Stites was on the stand he was asked
the following question by the State:   "After they had cut you, and
after Mr. Brooks and his boy were carrying you up the road, what, if
anything, did they say, either Bennett or Terrell?"   The same objec-
tions were urged as before, that is, that the defendant was not respon-
sible for anything that Louie Terrell said or did.   The court approves
this bill with this explanation:   "Some of the witnesses testified that
defendant and Terrell followed Stites as he was going off and cursed
Stites, and which was only a minute or two after the cutting, and was
res gestae.   The further explanation is given that the defendant, Buck
Terrell and Emma Rice were indicted separately for assault to murder
on Stites.   The facts show that these three parties were in an automobile
driving on a public road going south and that Mr. Stites and son were
in one buggy and Brooks and son in another, both traveling north, and
Stites and son were in front of Brooks and son, and that the automobile
run into Brooks' buggy and smashed it up some.   That Stites went back
some little distance to where Brooks' buggy was wrecked and the auto-
mobile stopped, and Stites asked Brooks if he was hurt and then asked
the people in the auto if they were hurt, and Emma Rice began cursing,
and while she was talking to Stites defendant, Bennett, began cursing
Stites, and from that time on the whole difficulty between the parties
was one continuous transaction, and the defendant, Emma Rice and
Terrell were participants in the fight either by words or acts, or both."
We are of opinion this testimony was admissible upon the ground that it
showed the acts and declarations of the parties present and participating
in the trouble, and also upon the ground of res gestae, as explained by
the court.   It all occurred in a very few moments.

Another bill recites that while Dr. White was testifying for the State
he was asked to describe the wounds he found on Stites.   Appellant ob-

jected to any testimony being given by the witness as to the wounds inflicted upon Stites by Buck Terrell. The bill further recites that the evidence shows the wound inflicted upon Stites by Terrell was under Stites' arm. The court overruled the objection, and the witness testified as follows: "Fuller and I examined him and found the stab under his left arm that went to the hollow. This stab went pretty tolerably straight in, was made when his arm was up; could not have been made otherwise. It went into the plural cavity; it did not reach his heart; if it had, of course, it would have killed him; just a little bit more it was going in the direction of his heart, but was not quite deep enough." It is urged this evidence is not admissible because the evidence shows that defendant is not responsible for what Terrell did, as he did not know that Terrell was going to stab Stites, and has nothing to do with what Terrell did, and he should not be held responsible for it. The court explains this bill as follows: "That this witness did not testify who made any wounds on the witness Stites, but was merely testifying as to what wounds he found on Stites' person when he examined him." This testimony was admissible. As before stated, this wound was inflicted as described by Dr. White. The inference from the testimony is this wound was inflicted by Terrell, while the wounds on the face and other parts of the body were inflicted by appellant. Appellant had hold of and was engaged in a personal difficulty with Stites at the time that Terrell ran up and stabbed him with a knife. It is deemed unnecessary to go into the details of this testimony. Suffice it to say, there is evidence showing these parties were acting together, and the court properly instructed the jury that if they should so find they could consider the testimony with reference to their being principals, and if not then they would disregard the testimony. The court submitted the issues of assault to murder and aggravated assault. The conviction was for aggravated assault.

We are of opinion that the rulings of the court were not erroneous, and that the judgment should be affirmed, and it is accordingly so ordered.

*Affirmed.*

PRENDERGAST JUDGE, absent.