CULLUM JONES V. THE STATE.

No. 10327.    Delivered October 27, 1926.

Rehearing withdrawn January 12, 1927.

**1.—Burglary—Evidence—When Sufficient.**

Where a burglary is shown to have been committed, and appellant's possession of property taken from the burglarized premises is established, such proof will support a conviction of the burglary. The rules as to possession of property recently stolen, and explanation thereof, which are applicable in theft cases, apply also in burglary cases. See Branch's Ann. P. C., Sec. 2346, citing Ross v State, 16 Tex. Crim. App. 559; Brown v. State, 56 Tex. Crim. Rep. 87.

**2.—Same—Continued.**

The possession of the recently stolen property can be established by circumstantial as well as by direct evidence. While in the instant case the evidence does not show that the appellant was found in the actual possession of the stolen property. his explanation and description of where and how the automobile would be found place him in such close proximity to the possession thereof to sufficiently corroborate the accomplice testimony. See Perry v. State, 78 S. W. 513.

**3.—Same—Motion Withdrawn.**

Appellant has filed a written application, duly verified, requesting the withdrawal of his motion for rehearing. Same is granted and mandate ordered issued upon the original hearing on which the judgment of the trial court was affirmed.

Appeal from the District Court of McLennan County. Tried below before the Hon. Richard I. Munroe, Judge.

Appeal from a conviction for burglary; penalty, two years in the penitentiary.

The opinion states the case.

*Williams, Williams, McClellan & Lincoln* of Waco, for appellant. On corroboration of accomplice appellant cites:

Noble v. State, 273 S. W. 251.
Weatherred v. State, 272 S. W. 471.
McGary v. State, 268 S. W. 475.
Fite v. State, 250 S. W. 676.
Sterling v. State, 248 S. W. 684.
Pate v. State, 239 S. W. 967.
Nunnally v. State, 234 S. W. 391.
Moon v. State, 235 S. W. 583.
Ross v. State, 286 S. W. 221.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of McLennan County for the offense of burglary, and his punishment assessed at two years in the penitentiary.

The record discloses that a Hudson automobile belonging to E. R. Smith was in the possession of John T. Kelly in the city of Waco for repairs, and that on or about the night of February 17, 1925, Kelly's place of business was burglarized and said automobile stolen therefrom, same being afterwards found in a field about fourteen miles out of Houston, near the Houston and Waco road. When found, the automobile had only one casing on it, the three other casings and the spare casing having been stolen, in connection with other parts thereof. The owner, Smith, had offered a reward for the recovery of said automobile, and the appellant went to the sheriff's office at Waco and inquired if said car had been located and if there was still a reward thereon, stating that he knew where the car was located and

would reveal the location thereof to the owner and the officers if they would pay to him said reward. On the following morning the appellant, accompanied by Smith and Kelly, went to Houston for the purpose of showing them the location of said car, and while en route described to them said location in detail and offered to wager and bet that the car had one casing on it. Upon arriving at the point described by the appellant, he pointed to the field where the car had been setting and to the house in close proximity thereto. However, the sheriff of Harris County had located said car and had moved it from the field up to the house for protection.

Fred Behringer, a witness for the state, testified that on the night of the alleged offense he, together with the appellant and Frank Hardy, burglarized the business house of the said Kelly, stole the automobile in question, and then drove same to Houston, where they attempted to sell it, but failing to do so, they stole a Ford and then drove both cars about fourteen miles out of Houston, on the Houston and Waco road, stripped the Hudson of the missing parts, and left it in the field and at the place described by the appellant. After this was done, all three men started for Waco in the Ford, and on the way the appellant abandoned them and they saw no more of him until after they reached Waco.

It was the contention of the appellant, although he failed to testify in his own behalf, that he knew nothing of the burglary, but that the said Behringer and Hardy had stolen some of his clothing, and that he had learned of their leaving Waco for Houston and followed them to the latter place, where he saw them in possession of the Hudson automobile in question.

There are five bills of exception in the record raising several questions as to the sufficiency of the charge of the court, but the only question raised which we feel called upon to discuss in this opinion is the sufficiency of the evidence to warrant this conviction. It is the contention of the appellant that there is no evidence tending to connect him with the burglary in question, and that the evidence as a whole is insufficient to warrant his conviction. We are unable to agree with this contention. In Branch's Ann. P. C., Sec. 2346, it is stated: "With the exception that the state must prove that a burglary was committed by someone, the rules as to possession of property recently stolen and explanation thereof which are applicable in theft cases apply also in burglary cases," citing Ross v. State, 16 Tex. Crim. App. 559; Brown v. State, 56 Tex. Crim. Rep. 87, 119 S. W. 312, and many other authorities. It is true that the evidence does

not show that the appellant was found in the actual possession
of the property, but his explanation ·and description of where
and how the automobile would be found place him in such close
proximity to the possession thereof that this case, we think,
comes within the rule announced by this court, speaking through
Judge Henderson, in Perry v. State, 75 S. W. 513, wherein it is
stated: "Appellant was found, under suspicious circumstances,
in the immediate vicinity of said goods. The circumstances tend
strongly to show that he was in the actual possession of them
when first seen. Under these circumstances, the proof of the
other burglary was held admissible." In that case, Perry was
not actually found in possession of the goods, but was found
close by, and in discussing the sufficiency of the testimony Judge
Henderson further stated: "In this case it is true that the
appellant was not found in the immediate actual possession of
the goods taken in the alleged burglary, but he was found in
close juxtaposition thereto, and under circumstances which indi-
cate unmistakably that he was in possession of them." Reason-
ing upon a similar line in the instant case, we think the explana-
tion and statements showing the knowledge of the appellant
concerning the condition of the automobile and where it would
be found were sufficient to show that he had been in the posses-
sion of said automobile and to bring him within the line of
decisions pertaining to the possession of recently stolen property
acquired by burglary, and that such statements were sufficient
corroboration of the testimony of the accomplice,. Behringer,
tending to connect appellant with the commission of the offense.
We therefore conclude that the evidence is sufficient to warrant
the conviction.

Finding no reversible errors in the record, we are of the
opinion that the judgment should be affirmed, and it is accord-
ingly so ordered.                              *Affirmed.*

The foregoing opinion of the Commission of Appeals has been
examined by the Judges of the Court of Criminal Appeals and
approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Since the filing of his motion
for rehearing, appellant has filed a written application, duly
verified, requesting the withdrawal of said motion. The appli-
cation is granted, and it is ordered that mandate issue upon the
original hearing in which the judgment of the trial court was
affirmed.                                   *Motion withdrawn.*