EARL EATON V. THE STATE.

No. 20862. Delivered March 13, 1940.
Rehearing Denied April 17, 1940.

The opinion states the case.

*Marvin P. McCoy,* of Houston, and *Jimmie Cunningham,* of Graham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of theft of property over the value of $50.00, and sentenced to five years in the penitentiary.

The testimony is presented to us in a confusing form, and while in a narrative form, it appears as in the third person, and seems to be a narrative of the person preparing the statement—as to what such person thought the witnesses said rather than a narrative of what the witnesses actually said. This form of a statement of facts is not satisfactory, and should not be indulged in.

We do gather, however, from the facts that there were some cloaks and an overcoat, and a hat stolen from the automobile of Fred J. Meyer in the year 1937, while such car was parked near what was called "Jim's place," evidently a dine and dance hall, and thereafterwards these same lost articles were found in the home of one Herbert Eaton, and thereafterwards same were hidden in a brush pile near said home. The testimony is very unsatisfactory and vague and indefinite as to what connection the appellant had with the possession of these stolen articles. We confess we are unable to determine whether appellant was an original taker, an accessory after the fact, or a receiver and concealer of these articles after they had been thus unlawfully taken.

It seems that no one saw the coats when they were stolen; that a girl, a niece of appellant, testified that "they brought some coats to the house where she lived, and one day she heard Herbert (Eaton), her uncle, and appellant's brother say: 'Get those coats away from his house that he didn't want them there,' and that Earl (appellant) told Brittan, (the girl's brother) to get them away,' and that Brittan said 'no,' and that 'Earl said he had better get them away, that he would beat him to death,' and that Earl told him to go and get them and bury them, or hide them somewhere, and then Brittan took them away." That she head Earl say that he was going to give the grey coat to his sweetheart, who lived in East Texas, and was going to make himself a coat out of the light check coat. That Earl went to East Texas after that, but did not take the coat with him.

A constable testified that in November, 1938, he found these coats wadded up and lying on a brush pile in Mrs. Eaton's pasture in Jack County, Mrs. Eaton being the mother of appellant. Mrs. Mary Hanchey testified that Herbert (Eaton) told her that they got these at a road house called Jim's place. Earl (appellant) was present at that conversation.

Mrs. Ida Eaton, the mother and grandmother, testified that Herbert Eaton, her son, and Brittan Hanchey, her grandson, brought the overcoat to her home where she lived with appellant, and woke her and appellant up and told them they had taken the overcoat on a debt, and tried to sell it to the appellant; that appellant made them take the coat away. That her son Herbert wore a hat that looked like the stolen one, and said that he gave Brittan Hanchey twenty-five cents for it. That was the same night that Herbert and Brittan came to her house with the coat and woke her and Earl up.

Mrs. Mary Hanchey testified that she saw the coats at Her-

bert Eaton's house under a mattress, and same were shown to her by Herbert's wife. That she heard Earl tell Brittan to get those coats away from there; that the officers were making inquiries about them.

From the testimony we are unable to say who was the guilty party relative to the theft of these coats. It is too uncertain to convince one beyond a reasonable doubt that Earl Eaton was present at the time these articles were stolen from the Meyer automobile. No witness saw the theft take place, and the State was forced to rely upon circumstantial evidence to establish such unlawful taking, the evidence consisting of the possession of recently stolen property.

It is to be noted that this stolen property is placed by the witnesses in the possession of Herbert Eaton, and in his house under a mattress, and the stolen hat on Herbert Eaton's head, with a conscious assertion of ownership thereof, the only connection of appellant being when he offered advice relative to disposing of the stolen property.

Appellant might have been an accessory after the fact, but he was not charged as such; he might have been a receiver and concealer of stolen property, but again he was not so charged. He was charged with straight theft, and we do not think the testimony sufficient to show him to have been one of the original takers. If he was in fact an accessory, nevertheless he could not be prosecuted as such because of the fact that he was related to the principal offenders within the degree prescribed by statute as not punishable as an accessory under Art. 78, Penal Code.

Relative to possession by an accused of stolen property, Mr. Branch in his Penal Code, Sec. 2643, p. 1332, says: "To warrant an inference or presumption of guilt from the circumstance alone of possession, such possession must be personal, must be recent, must be unexplained, and must involve a distinct and conscious assertion of property by the defendant. Casas v. State, 12 Texas Crim. App. 59; Lehman v. State, 18 Texas Crim. App. 174; Robinson v. State, 22 Texas Crim. App. 690, 3 S. W. 736; Moreno v. State, 24 Texas Crim. App. 401, 6 S. W. 299; Field v. State, 24 Texas Crim. App. 422, 6 S. W. 200; Bryant v. State, 25 Texas Crim. App. 754, 8 S. W. 937; Funderburg v. State, 34 S. W. 613 (as a charge to the jury this proposition is on the weight of the evidence. Franks v. State, 36 Texas Crim. Rep. 150, 35 S. W. 977; Berry v. State, 37 Texas Crim. Rep. 46, 38 S. W. 812; Ballow v. State, 69 S. W.

513; Stewart v. State, 77 S. W. 791; Neblett v. State, 85 S. W. 17).

We do not think that the meagre proof relative to appellant's possession of the stolen property is sufficient to overcome the presumption of innocence the law throws about one charged with an offense.

There are thirty-two bills of exception in the record, many of which are not in a condition to be considered by us. Wherein they complain of the exclusion of testimony, they do not apprise this court of what the desired testimony would have been, and we can not determine whether the complained of ruling constituted error or not.

We also note that the indictment in this cause charges a theft from F. J. Myers; that the court's charge sets forth the name of such party as Fred J. Myers, and that the statement of facts also shows that the witness himself stated that his name was Fred J. Meyer. In the event of a new trial herein it would be well to find out what the true name of the alleged owner of these articles is, and see that such name is correctly set forth in an indictment.

For the reasons herein stated this judgment is reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING.

CHRISTIAN, Judge.

The State insists in the motion for rehearing that the evidence is sufficient to connect appellant with the original taking of the property in question. After carefully re-examining the statement of facts, we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.