**Willie C. SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44133.**

Court of Criminal Appeals of Texas.

Nov. 2, 1971.

R. H. Stauffacher, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Warren White, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of burglary with intent to commit theft, enhanced by two prior convictions under Article 63, Vernon's Ann.P.C. The jury assessed the punishment at life.

The sufficiency of the evidence is challenged.

In the early morning hours of August 17, 1968, the apartment of James Carter was burglarized and a console television set was taken. Neither Carter nor his wife saw anyone enter their apartment and take the television set. They testified that they were awakened at approximately 3:00 a. m. on the date of the burglary by the police who had been called to the scene by neighbors in the adjacent apartment whose premises had also been burglarized. Police officers answered a burglary call on the night in question and upon investigation Officer Bruce saw a man, whom he testi-

fied was not the appellant, squatting behind a television set in the driveway by the apartment units. Officers Bruce and Cockerham approached the man. He then got up and started walking away. When Officer Bruce beckoned him, the man ran into some high weeds near a railroad track. Officer Bruce chased the man but lost him. Officer Bruce then went under the freeway and across the railroad track approximately fifty yards where he found two more television sets, including Carter's. He then found the appellant lying down on the frame of a baby bed that had been placed in the grass apparently a short time before. This was about eight or ten feet from the two television sets and other property taken in the burglaries of the apartments. Officer Bruce testified that he handcuffed the man and found him perspiring, wearing two pairs of pants and two shirts but no shoes. Officer Bruce also testified that Carter's console television could not have been carried except by at least two people.

No fingerprints were taken from any of the television sets.

Mrs. Carter testified that the same morning some children found two pairs of shoes behind the apartment. The shoes were lined up side by side. One pair had the heel portion pushed down so that they would have to be worn "like slides." She further testified that on the previous evening she had seen appellant near her apartment wearing "similar" shoes, and that she had seen him wearing similar shoes near another house some distance from the apartments on several occasions.

■ The appellant contends the evidence is insufficient to connect him with the alleged burglary. The State relied on circumstantial evidence and the jury was so charged. When the evidence shows that a burglary was committed by someone and there is testimony showing the defendant's possession of the property recently stolen from the burglarized premises, the proof is sufficient to support the jury's verdict finding the defendant guilty. See 4 Branch's Ann.P.C.2d, Section 2537 and cases there cited. Apparently the State relied on this rule of the unexplained possession of recently stolen property.

■ The appellant further contends the evidence is insufficient to support a finding that he had possession of the stolen property. The rules as to the possession of recently stolen property which are applicable in theft cases also apply in burglary. See 4 Branch's Ann.P.C.2d, Section 2537 and cases there cited. Ordinarily to warrant an inference or presumption of guilty from the circumstances alone of possession, such possession must be personal, must be recent, must be unexplained, and must involve a distinct and conscious assertion of property by the defendant. McKnight v. State, Tex.Cr.App., 399 S.W. 2d 552; Eaton v. State, Tex.Cr.App., 138 S.W.2d 811; Oglesby v. State, 121 Tex. Cr.R. 52, 51 S.W.2d 587; 5 Branch's Ann. P.C.2d, Section 2650.

■ Immediate actual possession is not always required, however, where the accused is found in close proximity to the items, and under circumstances which indicate unmistakably that he was in possession of them. Jones v. State, 105 Tex.Cr. R. 574, 289 S.W. 684; Perry v. State, Tex.Cr.App., 78 S.W. 513.

■ In the present case the appellant was eight or ten feet from the stolen items. He was perspiring, wearing two suits of clothes, and barefooted. Shoes "similar" to his were found near the scene of the alleged burglary. We think this closeness of the appellant to the stolen articles under such suspicious circumstances without explanation is sufficient to exclude every other reasonable hypothesis and permit a jury to determine that appellant was in possession of the stolen articles and support a conviction of guilt for burglary with intent to commit theft.

Appellant also contends the trial court committed reversible error in charging the jury on the law of principals.

**124**

Assuming that this contention is properly before us for review, it will be discussed.

■ Texas law makes a clear distinction between persons who in some manner collaborate in a felony offense. Each collaborator is classified either as a principal, an accomplice or an accessory. See Articles 65, 70 and 77, V.A.P.C. and Vol. 1, Vernon's Annotated Penal Code XIII, "The Law of Principals, Accomplices and Accessories" by Morrison and Blackburn. It is not necessary for the court to charge on principals where the evidence shows the accused was in the commission of the offense with another. See Perez v. State, 141 Tex.Cr.R. 575, 150 S.W.2d 402. Where, however, the evidence shows that two or more persons collaborated in an offense and the State's theory is that the accused acted as a principal then the court should submit the question to the jury for their decision under appropriate instructions. See Article 36.14, Vernon's Ann.C. C.P.; Bennett v. State, 83 Tex.Cr.R. 268, 202 S.W. 730.

■ In the present case the evidence indicated another person was involved in the burglary. It was the State's theory that the appellant was involved as a principal. The trial court was correct in charging the jury on the law of principals and appellant's contention is without merit.

■ Appellant finally complains of the trial court's refusal to call his sister as a witness, who was present and remained in the courtroom during the trial, after appellant himself had requested the rule. The enforcement of the rule is in the discretion of the court. Article 36.04, V.A.C.C.P. The record reveals no abuse of discretion.

At the penalty stage of the trial the State proved prior convictions for assault with intent to commit rape in 1959, for robbery by assault in 1963, as alleged in the indictment for enhancement, as well as a prior conviction for burglary with intent to commit rape in 1959.

We find no error. The judgment is affirmed.

ROBERTS, J., not participating.