11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Billy
Ray Foster

Appellant

Vs.                   No. 11-04-00252-CR -- Appeal from Taylor County

State
of Texas

Appellee

 

Billy Ray Foster appeals his conviction by a jury
for the offense of burglary of a habitation. 
The trial court assessed his punishment at 60 years in the Texas
Department of Criminal Justice -- Institutional Division.  Foster contends in three issues that the trial
court improperly denied his motion to suppress a search warrant, that the
evidence is insufficient because it failed to establish that his possession of
recently stolen property was unexplained, and that the trial court improperly
denied his motion for mistrial following the improper introduction of
extraneous offenses.  We affirm.

Foster contends in issue one that the trial court
erred in denying his motion to suppress evidence obtained during a search of
his residence, asserting that the affidavit in support of the  search warrant was insufficient.  As a reviewing court, we must give deference
to the trial court=s
determination of probable cause and affirm that decision Aso long as the magistrate had a
substantial basis for concluding that a search would uncover evidence of
wrongdoing.@  Swearingen v. State, 143 S.W.3d 808,
810 (Tex.Cr.App.2004) (quoting Illinois v. Gates, 462 U.S. 213, 236-37
(1983).   In our review, we are to
consider the totality of the circumstances as presented to the magistrate in
the affidavit.  Illinois v. Gates,
supra at 238.   








Craig Jordan, a detective with the Abilene Police
Department, sought a search warrant for Foster=s
residence and swore in the affidavit supporting the warrant that he believed
that certain stolen property, which he enumerated in great detail, would be
found at Foster=s
residence.  He described in detail
jewelry that had been taken in the burglary and mentioned a parrot that said, ARemember the Alamo.@ 
He based his assertion that he had probable cause for his belief on the
complainant=s
description of the property and on the fact that the description of property seen
in Foster=s
residence given by three confidential informants corresponded to the
complainant=s
description of the property that had been taken.  He also swore that none of the informants had
been convicted of a felony offense and that each confidential informant enjoyed
a good reputation within the community for being truthful.  He did not relate the basis for his assertion
that the informants enjoyed a good reputation within the community for being
truthful.  

Foster asserts that evidence of the stolen
property recovered in the search should have been suppressed because the
affidavit does not show sufficient corroboration for three confidential
informants upon whom Detective Jordan had not previously relied.  He states that it failed to show sufficient
independent investigation to corroborate facts given by them.  He says that the affidavit does not mention
how the detective concluded that they enjoy a reputation in the community as
being truthful or the number of times the informants had been to the house or
seen stolen property in the house.  He
also mentions that the affidavit does not disclose how the informants knew the
residents of the house, how they gained access to the house, or how long the
residents might have lived there.  In
asserting that these Adeficiencies@ are fatal to the sufficiency of the
warrant, he relies upon the opinion in Davis v. State, 144 S.W.3d
192,198-99 (Tex.App. - Fort Worth 2004, pet=n
ref=d).

The reliability of an informant may sometimes be
determined by the accuracy of some of the information provided by the
informant.  See Illinois v. Gates,
supra at 242.  We hold that the
fact that there was more than one confidential, but not anonymous, informant
and that each one gave a description of the stolen property he or she had seen
in the residence that corresponded with the property taken in the burglary of
the residence, together with all the other facts and circumstances as set forth
in the affidavit, was sufficient to suggest their reliability and to support
the magistrate=s
determination of probable cause.  We find
Davis to be distinguishable because it involved only one confidential
informant and did not involve an informant who gave an accurate description of
property that had been taken in a burglary. 
Id. at 198.  We overrule
issue one.








Foster asserts in issue two that the evidence is
insufficient to support his conviction for burglary of a habitation because
there is no evidence that he entered the home of the complainant nor is there
evidence that he did not explain his possession of property taken in the
burglary of the home.  In a legal
sufficiency review, we view all of the evidence in the light most favorable to
the verdict and then determine whether a rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979).  In a factual sufficiency review,
we view all of the evidence in a neutral light, and we will set the verdict
aside only if the evidence is so weak that the verdict is clearly wrong and
manifestly unjust or if the contrary evidence is so strong that the standard of
proof beyond a reasonable doubt could not have been met.  Zuniga v. State, 144 S.W.3d 477
(Tex.Cr.App.2004).

Prior to the execution of the search warrant,
Foster denied having possession of stolen property.  There is no indication that he was asked to
give an explanation after the property was discovered in his residence, nor is
there any evidence that he gave such an explanation.  We hold that the evidence that a burglary was
committed and that Foster was in recent possession of property stolen in the
burglary, together with no evidence of a reasonable explanation for Foster=s possession of the property given at
the time of his arrest or at the time he was found to be in possession of the
stolen property, is legally and factually sufficient to support Foster=s conviction.  See Hardesty v. State, 656 S.W.2d 73
(Tex.Cr.App.1983).  Foster asserts that,
in order to support an inference that he was guilty of burglary, the State had
the burden to show that he was given the opportunity but failed to give a
reasonable explanation for his possession of the stolen property, primarily
relying upon Price v. State, 902 S.W.2d 677, 680 (Tex.App. - Amarillo
1995, no pet=n), and Hood
v. State, 860 S.W.2d 931, 937 (Tex.App. - Texarkana 1993, no pet=n), which in turn relied upon Moreno
v. State, 6 S.W. 299 (Tex.1887). 
These opinions support Foster=s
assertion and would appear to be in conflict with this opinion.  However, to the extent that those opinions
might be in conflict with our holding, we choose to follow Hardesty, in
which the record was silent as to whether the defendant had given a reasonable
explanation for his possession of the stolen property, because it is an opinion
of the Texas Court of Appeals and a more recent opinion than Moreno, a
decision of a predecessor court.  See
Hardesty v. State, supra at 75.  We
overrule Foster=s second
issue.








Foster urges in his third issue that the trial
court erred in denying his motion for mistrial after Detective Jordan mentioned
in the presence of the jury that Foster had been arrested several times for
burglary.  Detective Jordan, in a
nonresponsive answer, mentioned that Foster had been arrested several times for
burglary.  Foster=s
counsel immediately made a hearsay objection, which the court sustained, and
then made a motion for mistrial, which the court denied.  Sometime later in the proceeding, Foster=s counsel made a motion to instruct the
jury to disregard Detective Jordan=s
testimony concerning any extraneous offenses.  
The trial court instructed the jury to disregard the testimony, but
denied Foster=s renewed
motion for mistrial.  Foster says that
the trial court erred in denying his motion for mistrial because the testimony
was of such a nature that an instruction to disregard could not cure the
prejudicial nature of the testimony and that the trial court=s ruling was in violation of his rights
under the United States Constitution and Texas law.  We hold that the trial court did not err in
denying Foster=s motion
for mistrial because the court=s
instruction to disregard was sufficient to cure any error.  See Thompson v. State, 486 S.W.2d 343,
344 (Tex.Cr.App.1972).  We overrule
Foster=s third
issue.

The judgment is affirmed.

 

PER CURIAM

 

September 29, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Wright, J., and

McCall,
J., and Hill, J.[1]











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.