## STATE v. WOOD.

Under Rev. Pen. Code, § 791, declaring the punishment for persons who attempt to commit a crime, and in such attempt do any act toward the commission thereof, but who fail or are prevented or intercepted in its perpetration, one who threatened to kill another and went to get a razor, but was induced to abandon his design before procuring the same, could not be held guilty of an assualt with a dangerous weapon with intent to do bodily harm.

(Opinion filed April 4, 1905.)

Error to circuit court, Hamlin county;　Hon. JULIAN BENNETT, Judge.

Albert Q. Wood was convicted of an attempt to commit an assault, and brings error.　Reversed.

*W. N. Skinner* and *C. X. Seward*, for plaintiff in error.

*Aubrey Lawrence*, State's Atty., for the State.

HANEY, J.　The defendant in this action was accused and convicted of an attempt to commit the crime of assault with a sharp and dangerous weapon with intent to do bodily harm. Viewed in the light most favorable to the prosecution, the evi-

dence discloses this state of facts: Defendant and his wife were in bed. He was angry. He said: "Where is the razor? I will get the razor, and I will kill you and myself, too." After saying this he jumped out of bed, and started for a machine drawer, where his razor was, but before he got it his mother entered, and he was induced to leave the room. Nothing further occurred in connection with the alleged offense. At common law "an attempt to commit a crime is an act done in part execution of a criminal design, amounting to more than mere preparation, but falling short of actual consummation, and possessing, except for failure to consummate, all the elements of the substantive crime." 3 Am. & Eng. Ency. (2d Ed.) 250. Our Penal Code provides that "every person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable" as therein prescribed. Rev. Pen. Code, § 791. This is only declaratory of the common law. To constitute an attempt at common law or under the statute, some act must be done in execution of the criminal design. Mere preparation is not sufficient. The distinction between preparation for an attempt and the attempt itself is not abrogated by the statute. Such distinction was thus clearly stated by Mr. Justice FIELD: "Between preparation for the attempt and the attempt itself there is a wide difference. The preparation consists in devising or arranging the means or measures necessary for the commission of the offense; the attempt is the direct movement toward the commission after the preparations are made. To illustrate: A party may purchase and load a gun, with the declared intention to shoot his neighbor, but until some move-

ment is made to use the weapon upon the person of his intended victim there is only preparation, and not an attempt. For the preparation he may be held to keep the peace; but he is not chargeable with any attempt to kill." The People v. Murray, 14 Cal. 160. Whether there can be an attempt to commit an assault with a dangerous weapon with intent to do bodily harm is a question concerning which the authorities are conflicting. In the view we shall take, that question need not be decided. Assuming that such an attempt is possible, the evidence clearly discloses that none was made in the case at bar. The substantive crime alleged to have been attempted was an assault with a dangerous weapon with intent to do bodily harm. Conceding that defendant intended to do bodily harm, he could do no act toward the commission of such crime without being armed with a dangerous weapon. He could do no act in part execution of the alleged criminal design until he became possessed of the razor, assuming it to be a dangerous weapon within the meaning of the statute. An assault without the razor was not enough. Until defendant was armed with the alleged weapon, it was impossible for him to commit, or to take any step toward the commission of, the alleged offense. Therefore what he did to secure the razor was merely preparation, or an effort to place himself in position to make the alleged assault. So we say that upon all the evidence, viewed in the light most favorable to the state, an attempt to commit the alleged crime was not established, and the learned circuit court erred in refusing to grant a new trial. Its judgment is reversed.