STATE, Respondent, v. COMPTON, Appellant.

(205 N. W. 31.)

(File No. 5251.   Opinion filed August 25, 1925.)

1. **Assault and Battery—Criminal Law—Evidence—Extent and Nature of Injuries Might be Proven to Show Intent of Accused.**

   In prosecution for assault with a knife with intent to do great bodily harm, extent and particular nature of injuries might be proven to show intent of accused.

2. **Assault and Battery—Evidence—Evidence of Physical Condition of Person Assaulted Held Competent to Show Nature and Character of Injuries and Intent With Which They Were Inflicted.**

   In prosecution for assault with a knife with intent to do greatly bodily harm, physical condition of a person assaulted after the assault might be testified to by attending physician, person assaulted, or any other person knowing the facts, to show nature and character of injuries and intent with which they were inflicted.

3. **Criminal Law—Trial—That Court Permitted Witness to Take Pencil and Illustrate How Knife Was Held by Defendant at Time of Assault Held Not Erroneous.**

   In prosecution for assault with a knife, that court permitted witness to take pencil and illustrate how knife was held was not objectionable though such illustration could not be transferred to the record, use of pencil being a means employed to illustrate the act, and neither a demonstration nor an experiment.

4. **Criminal Law—Appeal and Error—Foundation Questions Concerning Pair of Overalls Held Not Prejudicial Error.**

   In prosecution for assault, foundation questions propounded witness, calling for identification of a pair of overalls worn

by him, and asking if they were in the same condition as when so worn, held not prejudicial error, where overalls were not admitted in evidence.

5. **Criminal Law—Instructions—Instruction Reasonable Doubt as to Degree Properly Refused as Confusing and Sufficiently Covered.**

In prosecution for assault with knife with intent to do great bodily harm, instruction as to reasonable doubt of degree of offense, intended to cover the law as provided in Rev. Code 1919, Sec. 4875, held properly refused, as so involved and worded that it could only tend to confuse the jury, defendant's rights fully protected by instruction given.

6. **Criminal Law—Newly Discovered Evidence—New Trial for Newly Discovered Evidence Held Properly Denied.**

In prosecution for assault with knife with intent to do great bodily harm, new trial for newly discovered evidence held properly denied, where it could have no effect other than to show animosity of the witnesses, or that they had made statements inconsistent with their testimony at trial.

7. **Criminal Law—Witnesses—New Trial for Newly Discovered Evidence Merely Impeaching Witness Who Testified at Trial Will Not be Granted.**

New Trial will not be granted for newly discovered evidence which will merely impeach or discredit a witness who testified at the trial.

Appeal from Circuit Court, Meade County; HON. JAMES Mc-NENNY, Judge.

George R. Compton was convicted of assault with a knife with intent to do great bodily harm, and he appeals. Affirmed.

*Harry P. Atwater,* of Sturgis, for Appellant.

*Buell F. Jones,* Attorney General, and *Ray F. Drewry,* Assistant Attorney General, for Respondent.

(2)   To point two of the opinion, Respondent cited: Assault and Battery, 2 R. C. L. Sec. 43; Wright v. State, 143 Ala. 596, 42 So. 745; State v. Foreman (Del.), 41 Atl. 140; Bennett v. State, 202 S W. 730; State v. Young (Ore.), 18 L. R. A. (N. S.) 688; Stevens v. State, 84 Neb. 759, 122 N. W. 58; State v. Quong (Ida.), 67 Pac. 491; Caples v. State, 155 S. W. 262; People v. Sutherland, 104 Mich. 468, 62 N. W. 566; Holmes v. State (Ala.), 39 So. 569; Whittle v. State (Tex. Cr. App.), 95 S. W. 1084.

(3) To point three, Appellant cited: Farwell v. Sturgis Water Company, 73 N. W. 916; State v. Justice, 11 Ore. 178; Commonwealth v. Piper, 120 Mass. 188; State v. Jacobs, 128 N. W. 162.

(5) To point five, Appellant cited: State v. Yokum, 14 S. D. 84, 8 4N. W. 389; State v. Lepine, 113 N. W. 1076.

(6) To point six, Appellant cited: Underhill on Criminal Evidence (2nd Ed.), Sec. 517; Bayles on New Trials (2nd Ed.) 547; In re McClellan Estate, 21 S. D. 209, 111 N. W. 540; Lee v. Braggman, 162 N. W. 788; Sluman v. Dolan, 24 S. D. 32, 123 N. W. 72; Manning v. Gignoux, 23 Nev. 322, 26 Pac. 886; Murray v. Weber, 92 Iowa 757, 60 N. W. 492; Aylmer v. Adams, 153 N. W. 419; Wilson v. Seaman, 15 S. D. 303, 87 N. W. 577; State v. Powell (Wash.), 98 Pac. 741; People v. Stanford, 64 Cal. 27, 28 Pac. 106.

Respondent cited: People v. Loui Tung, 90 Cal. 377, 27 Pac. 295; Stokes v. Monroe, 36 Cal. 388; People v. Anthony, 56 Cal. 399; Jones v State (Fla.), 17 So. 284; State v. Garig (La.), 8 So. 934; State v. Dumphey, 4 Minn. 438; State v. Smith, 65 Mo. 313; Shields v. State, 45 Conn. 266.

BURCH, C. The defendant, George R. Compton, was tried and convicted upon an information in the usual form charging assault with a knife upon George L. Thompson with intent to do great bodily harm.

Error is alleged in admitting certain answers to questions, as follows: "Were there any vital organs near the wound you have described under the arm, Doctor?" "What vital organs, Doctor, would you say that wound was close to?" and other questions of similar import. Questions propounded to the complaining witness: "After the trouble, when you started away with Mr. Shepley, tell the jury how you felt." "The injury on your side, did that cause you any pain." And a question to another witness, "Describe Mr. Thompson's appearance and condition after he walked home." These were objected to as incompetent, immaterial, and irrelevant.

[1, 2] The charge was an assault with intent to do great bodily harm, and the extent and particular nature of the injuries may be proven on the trial for the purpose of showing the intent of the accused. 2 R. C. L. 505. The physical condition of the

person assaulted after the assault may be testified to by the attending physician, the person assaulted, or any other person knowing the facts, for the purpose of showing the nature and character of the injuries and the intent with which they were inflicted. 5 C. J. 783, 784; Wright v. State, 148 Ala. 596, 42 So. 745; Bennett v. State, 83 Tex. Cr. R. 268, 202 S. W. 730; State v. Young, 52 Or. 227, 96 P. 1067, 18 L. R. A. (N. S.) 688, 132 Am. St. Rep. 689; Stevens v. State, 84 Neb. 759, 122 N. W. 58, 19 Ann. Cas. 121. The rule that the condition of the person assaulted and the nature and extent of his injuries may be shown is not limited to a case where the charge is assault with intent to kill, but is followed in all cases of aggravated assault. State v. Young, supra; People v. Sutherland, 104 Mich. 468, 62 N. W. 566; State v. Quong, 8 Idaho 191, 67 P. 491; Caples v. State, 69 Tex. Cr. R. 394, 155 S. W. 267; Holmes v. State (Ala. Sup.), 39 So. 569; Whittle v. State (Tex. Cr. App.), 95 S. W. 1084.

[3] The trial court permitted one of the witnesses to take a pencil and illustrate how the knife was held by the defendant at the time of the assault. Defendant objected, on the ground that the demonstration will be submitting evidence to the jury that cannot, under any possible method or means, be transferred to the record of the case, and that a true representation of the act could not be shown by the use of a pencil. The use of a pencil was a means employed to illustrate an act. It was neither a demonstration nor an experiment. In the course of a trial, there are many gestures and illustrations used by a witness which cannot be made a matter of record, and to attempt to control them would be impossible and would only hinder rather than aid in the administration of justice. If the pencil was not sufficiently illustrative, a knife could be used, and was used by the defendant's counsel on cross-examination of this witness.

[4] Exception is taken to certain foundation questions propounded the witness concerning a pair of overalls worn by Mr. Shepley. The overalls were not admitted in evidence as an exhibit, and we see no prejudicial error in asking the foundation questions. The questions simply called attention to the overalls, and asked the witness to identify them as having been worn by him on the day of the assault, and if they were in the same condition as when so worn.

28—Vol. 48, S. D.

[5] ·Defendant complains of the refusal of the court to give an instruction requested by him. as follows:

"The jury are further instructed as a matter of law that, in a prosecution of this kind, where it appears that the defendant had committed a public offense, and there is reasonable grounds of doubting in which two or more degrees he is guilty, he can be convicted of only the lowest of such degrees, and in this case, if the jury believe from the evidence beyond all reasonable doubt that the defendant is guilty, but if the jury have any reasonable doubt in which degree he is guilty, then he should only be convicted of the lowest of such degrees of which the jury are in doubt."

This is no doubt intended to cover the law as provided in section 4875, R. C., as follows:

"When it appears that a defendant has committed a public offense and there is reasonable ground of doubt of which of two or more degrees he is guilty, he can be convicted of the lowest of such degrees only."

We think the instruction is so involved and worded that it could only have tended to confuse the jury if given. The jury might believe, under the instruction, that, even though in doubt as to his guilt, they could still find him guilty of the lowest degree. The court correctly instructed the jury that if they entertained a reasonable doubt as to the guilt of the defendant of the aggravated assault as charged, they might then consider the lower offense of simple assault and battery, and if they had a reasonable doubt as to his guilt of the lower offense, they should acquit him. This was sufficient to fully protect defendant's rights under this section of our code. Other assignments refer to instructions requested, but which were substantially covered in instructions given by the court.

The only remaining assignment for our consideration is the overruling of defendant's motion for a new trial. There is no assignment of error that the evidence is insufficient to support the verdict, and finding no error in the trial, the overruling of the motion must be affirmed unless granted on newly discovered evidence. The defendant sets out in his affidavit of newly discovered evidence that one Samuel S. Johnson will testify that in the latter part of May, 1921, he met and had several conversations with the complaining

witness, Thompson, at Rapid City, S. D.; that in said conversation the said Thompson told Johnson that when Compton referred to Mrs. Thompson that it made him very angry, and that he seized Compton by the throat and choked him, and then threw him with so much force that Compton went a distance of some 10 or 12 feet; that as Compton righted himself he drew a knife from his pocket, and when he saw the knife he made a run for Compton and tried to strike him, but that as he struck at Compton the latter made a pass at him with the knife, cutting his wrist and sticking his knife into the flesh under the left arm. The defendant further stated that Fred Blake would testify to a conversation with Thompson in which Thompson said "that he would get rid of Compton—out of the neighborhood"; that Blake also would testify to a conversation with Olson in which Olson said "that the neighbors would get rid of Compton," and that after the trial Olson said, "We will get rid of Compton for a year anyway." He supports his affidavit with the affidavits of Johnson and Blake to the same effect.

[6, 7] This testimony could have no effect other than to show animosity of the witnesses, or that they had made statements inconsistent with their testimony at the trial. A new trial will not be granted for newly discovered evidence which when produced will merely impeach or discredit a witness who testified at the trial. 16 C. J. 1202, Sec. 2729; People v. Loui Tung, 90 Cal. 377, 27 P. 295; Stoakes v. Monroe, 36 Cal. 383; People v. Anthony, 56 Cal. 397; Jones v. State, 35 Fla. 289, 17 So. 284; State v. Garig, 43 La. Ann. 365, 8 So. 934; State v. Dumphey, 4 Minn. 438 (Gil. 340); State v. Smith, 65 Mo. 313; Shields v. State, 45 Conn. 266.

In his affidavit defendant says "that it has always been the opinion of affiant that the trouble had been prearranged between Thompson, Shepley, and the older Olson; that the same was started with the intention of getting rid of affiant." If he was of this opinion it would seem that diligence required him to look for statements and acts of these witnesses indicating such conspiracy; that had he been diligent he might have found evidence of the character which he now desires to introduce, either in the persons of Blake and Johnson or others, if such conspiracy in fact existed. On the trial defendant admitted prior friendly relations with Thompson, Shepley, and Olson, and the record does not dis-

close any foundation for defendant's opinion that he was the victim of a consipracy. The trial judge is in a better position than this court to determine the credibility of the witnesses, and upon consideration of the affidavits of newly discovered evidence, counter affidavits, and the evidence of the defendant at the trial, we cannot say that the trial court erred in denying the motion for new trial on newly discovered evidence. Finding no error in the record, the judgment and order of the circuit court overruling the motion for new trial are affirmed.