MUNDT, Appellant, v. MUNCE, et al, Respondents.

(23 N. W.2d 159)

(File No. 8809. Opinion filed May 20, 1946.)
Rehearing Denied June 8, 1946.

**John Carl Mundt** and **Tom Kirby**, both of Sioux Falls, for Appellant.

**Bailey, Voorhees, Woods & Fuller** and **M. T. Woods**, all of Sioux Falls, for Respondents.

PER CURIAM. Henry Mundt, now deceased, leased land in Minnehaha County to the defendants for the farming season of 1943. This action is brought by the special administrator of the Henry Mundt estate, to recover for corn which it is alleged the defendants failed to deliver as a part of the share rent due under the lease, to recover damages for the failure of defendants to destroy certain weeds, and for other alleged damage to the premises.

The case was tried to a jury which returned a verdict for defendants. Plaintiff has appealed. The principal errors assigned in this court are, first, insufficiency of the evidence to support the verdict, and, second, the refusal of the trial court to grant a new trial upon the ground of newly discovered evidence. Appellant argues as a part of the new trial issue questions presented by the record relating to certain testimony introduced by respondents, which it is alleged constituted surprise to appellant which ordinary prudence could not have guarded against.

In this case, as generally in cases of this type, the evidence was in sharp conflict. Respondents' evidence re-

lating to the quantity of corn raised on the farm was direct, and according to respondents' witnesses based on actual knowledge resulting from harvesting. Appellant's evidence on this issue was largely based upon estimates from sampling of the corn in the field, and other estimates used for the purpose of computing yields. The evidence, in our opinion, is amply sufficient to sustain the verdict.

■■ We have examined the record with regard to the alleged surprise testimony. This testimony related to such questions as to whether there was a "double decker" wire crib filled with corn on the farm in 1943, the date the defendants finished husking corn, the date plaintiff was on the farm to make the field test and similar questions. Dennis Munce, one of the defendants, testified at an examination before trial that there was no "double decker" crib on the farm filled with corn in 1943, so obviously, if plaintiff was surprised by similar testimony at the trial, he should not have been. The other alleged surprise testimony relates largely to issues collateral to the real issue in the case and after considering the alleged newly discovered evidence on these issues we are not convinced that such evidence would in reasonable probability affect the verdict. A motion for a new trial on the ground of newly discovered evidence is addressed to the sound discretion of the trial judge who must determine whether the character of the newly discovered evidence is such that there is reasonable probability that it would be believed by the jury, and, if believed, whether there is reasonable probability that the evidence would produce a different result on another trial. Island v. Helmer et al., 63 S. D. 362, 258 N. W. 812. After reviewing the affidavits submitted in support of the motion for a new trial, we are convinced that the trial judge did not abuse the discretion with which he is vested under the rule above announced when he denied the motion for a new trial. Other than the evidence relating to the alleged "surprise" testimony, the newly discovered evidence is largely cumulative, and in some respects similar to evidence presented at the trial.

We have examined the other alleged errors and conclude that there is nothing prejudicial to appellant.

The judgment appealed from is affirmed.

CASH, Circuit Judge, sitting for POLLEY, J.

All the Judges concur.