SKINNER, Respondent, v. KROTTER CO., Appellant

(38 N. W.2d 145.)

(File No. 9014. Opinion filed June 27, 1949)

**G. F. Johnson,** Gregory, for Defendant and Appellant.

**Harold Gunvordahl, Jr.,** Burke, for Plaintiff and Respondent.

RUDOLPH, J. Three questions are presented in this appeal, first, is the evidence sufficient to justify a finding by the jury that the plaintiff was an employee of defendant, second, should a new trial have been granted because of newly discovered evidence, third, is the verdict excessive.

Plaintiff brought this action to recover damages because of negligence of the defendant. The jury returned a verdict for plaintiff and defendant has appealed. No question is raised as to the sufficiency of the evidence to sustain the finding of defendant's negligence. The question presented on the evidence goes to the relationship existing between plaintiff and defendant at the time plaintiff sustained his injury. Plaintiff contends the evidence is sufficient to show that such relationship was that of employer and employee. Defendant contends that the evidence establishes as a matter of law that at the time of injury plaintiff was an independent contractor.

The tests by which the relationship between these parties must be determined have been stated by this court many times, and no useful purpose would be served by restating them. See Cockran v. Rice, 26 S. D. 393, 128 N. W. 583, Ann. Cas. 1913B, 570; Biggins v. Wagner, 60 S. D. 581, 245 N. W. 385, 85 A. L. R. 776; Schlichting v. Radke et al., 67 S. D. 212, 291 N. W. 585; McCarthy v. City of Murdo et al., 68 S. D. 12, 297 N. W. 790; Brandt v. Farmers Co-op. Elevator Co. et al., 69 S. D. 17, 5 N. W.2d 897; Voet v. Lampert Lumber Co., 70 S. D. 142, 15 N. W.2d 579; Halverson v. Sonotone Corporation, 71 S. D. 568, 27 N. W.2d 596.

The evidence discloses that plaintiff was working as a carpenter in the lumber yard of the defendant constructing small buildings which were to be moved from the yard to their locations. Plaintiff was paid for each building one-third the cost of the material used. The evidence of plaintiff disclosed that he was instructed by defendant as to the kind and type of material to go into each building, and was subject at all times to defendant's direction regarding the

plan of construction and detail of construction. He was subject to be called from this type of work and placed at work in the yard piling lumber and hauling coal for which he was paid on an hourly basis, and subject to being called from work on one building to work on another. Defendant had the right to discharge plaintiff at any time, and in fact did discharge him prior to the completion of the building upon which he was working when injured. In view of this control of plaintiff which the jury was justified in finding was assumed by defendant we think it clear that the fact that plaintiff was paid by the job, occasionally had some gratuitous help, and occasionally did some odd jobs of carpenter work for others, did not as a matter of law make plaintiff an independent contractor when working on these buildings for defendant. From the evidence submitted by plaintiff the jury could readily find that defendant was in control of the whole situation with relation to the work plaintiff was performing.

Plaintiff alleged in his complaint that since the date of the accident he has been unable "to attend to his business as a carpenter as efficiently as before". At the trial he testified to reduced earnings since the injury. Defendant's alleged newly discovered evidence consisted of three affidavits of persons for whom plaintiff worked in 1947. One affiant had paid plaintiff fifteen dollars for three days work. Affiant Fiala stated that while working for him plaintiff had a helper. In the third affidavit it was stated that plaintiff "worked approximately half time, such half time employment being based to some extent upon the fact that said Benjamin H. Skinner complained of an injury that he received while working in South Dakota." We pass the question of diligence and defendant's failure to produce this evidence at the trial, and consider only the question of whether the trial court was obligated to determine that there was a reasonable probability that this evidence would produce a different result on another trial. A motion for a new trial is addressed to the sound legal discretion of the trial court and our only function is to determine whether it has abused its discretion; the ultimate question for the trial

court is whether there is a reasonable probability that the evidence would produce a different result upon a new trial. Island v. Helmer, 63 S. D. 362, 258 N. W. 812; Johnson v. Olson, 71 S. D. 486, 26 N. W.2d 132. The third affidavit referred to above supports plaintiff's contention, in that plaintiff contended to affiant the same as he contended at the trial. The probative effect of the second affidavit is greatly lessened by the statement that on only a small job plaintiff employed a helper, and the first affidavit relates to a trival amount. The sum total of all payments to plaintiff in 1947 as disclosed by the affidavits amounts to only $970 and from this amount plaintiff paid a helper on one job. The attending physician testified that plaintiff's injury would cause him trouble perhaps the rest of his life, and would affect plaintiff's ability to carry on his work as a carpenter. In view of this testimony, which is not disputed, and the questionable probative value of the affidavits we think it clear that the trial court did not abuse its discretion in denying a new trial under the rule above announced.

 The verdict was for $1500. Plaintiff's injury consisted of torn ligaments and muscles about his foot and ankle. He was treated on March 26th, the date of the injury, and was treated again on June 19th and twice thereafter. Plaintiff testified to pain and suffering from the time of the injury to the time of the trial. In the light of this testimony and the testimony of the doctor we do not believe the verdict can be held excessive. The record is devoid of any showing from which it could be said that the amount of the verdict was due to passion or prejudice of the jury.

The judgment appealed from is affirmed.

All the Judges concur.