STATE, Respondent v. JUDGE, Appellant

(131 N. W. 2d 573)

(File No. 10122.  Opinion filed November 19, 1964)

**John C. Farrar,** Rapid City, for defendant and appellant.

**Frank L. Farrar,** Atty. Gen., **Robert A. Miller.,** Asst. Atty. Gen., Pierre, **Robert L. Varilek,** Deputy State's Atty., Rapid City, for plaintiff and respondent.

ROBERTS, J. Defendant was charged with assisting prisoners in the Pennington County jail in an attempted escape. Counsel was appointed to represent him, plea of not guilty was entered and after trial to a jury he was found guilty.

The information charged that defendant on May 4, 1963, "wilfully and unlawfully, and feloniously did attempt to carry or send into a prison, to-wit: the Pennington County Jail, items useful to aid prisoners in making their escape, to-wit: hacksaw blades, with intent to facilitate escape of said prisoners, to-wit: Ronald Stinnett and Lee Meyers, who were at said time and place prisoners charged with a felony and confined in said Pennington County Jail, in violation of SDC 13.1228, and acts amendatory thereto, and, Contrary to the form of the statutes in such case made and provided and against the peace and dignity of the State of South Dakota."

The pertinent statutes are:

"Every person who willfully by any means whatever, assists any prisoner confined in any prison, in any escape or attempted escape therefrom, or who carries or sends or attempts to carry or send into any prison anything useful to aid any prisoner in making his escape with intent to facilitate escape of any prisoner, is punishable, whether such prisoner escapes or not, as follows: (1) If such prisoner was confined upon a charge or conviction of felony, by imprisonment in the State Penitentiary not exceeding ten years; (2) If such prisoner was confined otherwise than upon a charge or conviction of

felony by imprisonment in the county jail not exceeding one year, or by a fine not exceeding five hundred dollars, or both.  *  *  *"  (SDC 13.1228)

"Every person who attempts to commit any crime and in such attempt does any act toward the commission of such crime, but fails or is prevented or intercepted in the perpetration thereof, is punishable" as therein provided. (SDC 13.0401)

"The jury may find the defendant guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or information, or of an attempt to commit the offense charged." (SDC 1960 Supp. 34.3669)

When the state called its first witness, defendant objected to the introduction of any evidence upon the ground that the allegations of the information are duplicitous and repugnant. The objection was overruled. Defendant insists that the information intermingles the elements of two offenses and did not apprise defendant with reasonable certainty of the accusations against him. The information is substantially in the language of Section 13.1228, supra, creating and defining the offense of assisting or aiding an escape from prison. It is ordinarily sufficient to follow the language of the statute in charging an offense of this character. State v. Thomas, 78 S.D. 568, 105 N.W.2d 549. If an information, in other words, informs the accused with reasonable certainty of the charge made against him it is sufficient. State v. Sinnott, 72 S.D. 100, 30 N.W.2d 455. The information describes an integral part of an intended escape and an ineffectual act done toward its accomplishment. The provisions in subdivisions (1) and (2) of Section 13.1228, supra, relate to punishment and not to definition and in charging the offense it was not necessary to include reference thereto. There was no error in overruling the objection to the information.

It is contended by counsel for defendant that the evidence was not sufficient to warrant the verdict of guilty. Defendant did not testify and called no witness to testify in his behalf. It appears from the evidence that in the afternoon of May 4, 1963,

appellant went to the Pennington County jail and was permitted by the jailer to visit with prisoners Ronald Stinnett and Lee Meyers. The jailer testified that he handed to defendant, as requested by the prisoners, money belonging to them in the sum of $34. The following morning the jailer found a paper bag containing five chocolate candy bars in front of the rear wheel of a county truck parked near the jail. A broken hacksaw blade was found in each of four of the candy bar wrappers.

George Tennyson, Deputy Sheriff of Pennington County, testified to a conversation he had with defendant on May 13, 1963, at a place referred to in the record as the Police Investigation Office, Ellsworth Airforce Base, during an investigation of the case by him and another deputy. He testified that defendant was shown the candy and blades found by the jailer and that defendant admitted that he "put the hacksaw blades in the candy". This witness continued: "I said, 'Did you have a conversation with Ronald Stinnett and Lee Meyers on Saturday afternoon?' The defendant said, 'yes'. I said, 'What was that conversation?' The defendant said, 'Meyers and Stinnett told me they wanted to get some hacksaw blades in the jail. They said they wanted me to get a box of breakfast food, and put the blades in, then we decided it would be better to put the blades in candy bars. They told me to leave the blades near the pickup, or near the incinerator where the pickup is parked by the jail, and that I should come back about ten o'clock that night and leave them. I said to the defendant, 'Did Meyers and Stinnett give you any money before you left the jail?' The defendant said, 'Yes, $34, they gave me $17 each.' I said, 'What were you supposed to buy with that money?' The defendant said, 'hacksaw blades, candy, and a gun.' * * * I said to the defendant, 'After you left the county jail where did you go?' The defendant said, 'I bought the candy at Woolworth's Store, I bought the hacksaw blades at Sears Roebuck, and I put the four pieces of hacksaw blades in four of the candy bars. I returned to the jail that night about ten o'clock and left them under the wheel of the pickup truck.'"

This court has held that to consummate an attempt to commit a crime there must be something more than mere intention or preparation. The attempt must be manifested by acts

which would end in accomplishment, but for intervening circumstances occurring apart from, and independent of, the will of the defendant. State v. Wood, 19 S.D. 260, 103 N.W. 25; State v. Pepka, 72 S.D. 503, 37 N.W.2d 189; see also 14 Am.Jur., Criminal Law, § 65; 22 C.J.S. Criminal Law § 75. There is a difference between preparation antecedent to an offense and the actual attempt to commit it. "The preparation consists in devising or arranging the means or measures necessary for the commission of the offense; the attempt is the direct movement toward the commission after the preparations are made." State v. Wood, supra. In other words, to constitute an attempt the acts of the defendant must go so far that they would result in the accomplishment of the crime unless frustrated by extraneous circumstances. As stated in People v. Miller, 2 Cal.2d 527, 42 P.2d 308, 98 A.L.R. 913: "The reason for requiring evidence of a direct act, however slight, toward consummation of the intended crime, is * * * that in the majority of cases up to that time the conduct of the defendant, consisting merely of acts of preparation, has never ceased to be equivocal; and this is necessarily so, irrespective of his declared intent. It is that quality of being equivocal that must be lacking before the act becomes one which may be said to be a commencement of the commission of the crime, or an overt act, or before any fragment of the crime itself has been committed, and this is so for the reason that, so long as the equivocal quality remains, no one can say with certainty what the intent of the defendant is."

█ The preparatory act of purchasing hacksaw blades which are adapted to a jail break did not in and of itself constitute a crime. Defendant's admissions to the deputy sheriff disclosed that he intended to commit a specific crime and that there was an unequivocal act on his part in carrying out such intent when he in furtherance of the understanding with his confederates placed the paper bag containing the hacksaw blades under the county truck. He performed the only further act on his part that would have resulted in accomplishment but for intervening circumstances unknown to him.

The other contentions relate to instructions. Defendant excepted to instruction No. 1 "on the grounds set forth in the motion

made before the introduction of evidence". The jury was first told in this instruction that defendant was charged with the crime of assisting an attempt to escape by an information filed by the State's Attorney of Pennington County and then follows a recital, of the allegations of the information. Defendant insists that the alleged error committed in ruling on the sufficiency of the information was perpetuated in the giving of this instruction. The information as we have stated informed the defendant of the nature and cause of the accusation with that degree of certainty necessary to enable him to meet the exact charge against him. The jury was properly instructed with respect to the criminal offense with which defendant was charged.

Instruction No. 5 is in the exact language of the statute under which defendant was charged. In instruction No. 8, the court fully instructed the jury as to the elements of the offense charged and the jurors were instructed that if they were not satisfied beyond a reasonable doubt of the existence of all the elements referred to, they must find the defendant not guilty. No specific objections were made to these instructions. We find therein no error prejudicial to the defendant.

Judgment affirmed.

All the Judges concur.