STATE, Respondent v. FURLOW, Appellant

(213 N.W.2d 705)

(File No. 11247. Opinion filed December 21, 1973)

Kermit A. Sande, Atty. Gen., **Julian H. Brown**, Asst. Atty. Gen., Pierre, **Gene Paul Kean**, State's Atty. Minnehaha County, Sioux Falls, for plaintiff and respondent.

**Willy, Pruitt, Matthews & Jorgensen, Steve Jorgensen,** Sioux Falls, for defendant and appellant.

WOLLMAN, Justice.

Defendant was found guilty by a jury on a charge of distributing a controlled drug (LSD) and was sentenced to two years' imprisonment in the state penitentiary.

The state's principal witness was one Donald Platt (Platt), age 19, who in June of 1972 had volunteered to give information about the drug traffic in Sioux Falls, South Dakota, to members of the narcotics section of the Sioux Falls police department's detective division. He testified that he had met defendant three or four months prior to the trial, which commenced on October 5, 1972, and had talked to him about drugs. On July 4, 1972, Platt called defendant at the North View Inn, a tavern in Sioux Falls, " * * * to see if he had the stuff," and was told by defendant to " * * * stop up in about a half hour." Platt testified that, "I went up there around nine-thirty or ten, I'm not sure what time it was."

Defendant rode with Platt on Platt's motorcycle from the North View Inn to defendant's residence, where, according to Platt, defendant " * * * went to the refrigerator, and he had the acid in there, and then he gave it to me there * * *." Although he could not specifically recall exchanging any money with defendant for the LSD, Platt testified that, "I don't believe so because he had been paid some money earlier—or money had been promised to him to get some stuff."

Defendant and Platt then drove to the Skyway Tap, which is next to the North View Inn, and drank a beer. Defendant took Platt's motorcycle for a ride and was gone approximately ten minutes. After defendant returned, Platt left the Skyway Tap and returned to his home, arriving there, "I'd say right around ten-thirty, right in there somewhere." The following morning he delivered the LSD to Detectives Hanson and Clausen of the Sioux Falls Police Department, who came to Platt's home in response to his telephone call. One of the

detectives delivered the LSD that afternoon, July 5, 1972, to Donald L. Frasch, assistant to the State Chemist, who happened to be in Sioux Falls testifying at a preliminary hearing in another case. [1]

In response to defense counsel's question as to when Platt first saw defendant on July 4, 1972, Platt answered, "Nine-thirty or ten, right up in there; I don't know the exact time." Although he admitted that he had " * * * been on drugs quite a bit," Platt denied using drugs on July 4, 1972 and specifically denied taking any "purple haze" during that period of time. He acknowledged that he was a patient at the Yankton State Hospital at the time of trial, having been there since August 23, 1972; he testified that he was not using drugs nor was he under any medication at the time of trial. Although he admitted during cross-examination that in times past he had not told the truth and that in fact he had cut himself and had blamed other inmates for doing it just prior to his going to the State Hospital, defendant maintained that he was being truthful in his testimony at the trial.

Defendant called five witnesses who testified in substance that they had seen defendant at the North View Inn on the night of July 4, 1972. Two of these witnesses testified that to their knowledge the defendant did not leave the North View Inn during the period from 7 to 11 p.m. that night; the other three witnesses recalled seeing defendant in the tavern between 10 and 10:30 p.m. that night.

Testifying on his own behalf, defendant admitted to having served time in Colorado on a felony charge of possession of marijuana prior to moving to Sioux Falls. He testified that on the date of the alleged offense he saw Platt at the North View Inn

---

1. Defendant contends that the court erred in admitting the LSD tablet into evidence because there was a variance in the testimony given by Mr. Frasch and the detective at defendant's preliminary hearing and their testimony given at trial concerning the date on which the LSD tablet was given to Mr. Frasch by the detective. We think that these two witnesses satisfactorily explained the variance in the testimony (they had testified at the preliminary hearing that the LSD tablet was given to Mr. Frasch on July 7, 1972) and that the trial court did not err in admitting this evidence.

shortly after 5 p.m. and that they rode to defendant's house on Platt's motorcycle to pick up the money that defendant owed to one of Platt's friends. Defendant explained that, "Well, it was about a week and a half before I'd been fronted (given) fifty bucks * * * They wanted me to score some weed, but I couldn't; I didn't want to get into it."

Defendant testified that he and Platt returned to the Skyway Tap at about 6:45 p.m. While Platt was drinking a beer at the Skyway, defendant rode the motorcycle and then returned to the Skyway Tap. Platt left and defendant went to the North View Inn where he claimed he remained for the rest of the night.

On cross-examination, defendant admitted that he had been convicted of a misdemeanor narcotics offense in the State of California prior to the time that he was convicted of the narcotics offense in Colorado. He admitted that he had met Platt in the company of others on three occasions prior to July 4, 1972. It was during one of these meetings that defendant was paid $50 to buy some marijuana. Defendant testified that he repaid this money to Platt on the date of the alleged offense.[2]

Defendant's contentions that the trial court erred in denying his motion for a directed verdict of acquittal and that the verdict of the jury is not supported by sufficient evidence are without merit. Viewing the evidence in the light most favorable to the verdict, as we must, the jury could find from Platt's testimony that he did in fact receive a tablet of LSD from defendant on July 4, 1972, the date alleged in the information.

Defendant's principal contention is that the trial court erred in denying his motion for a new trial based upon alleged admissions made by Platt after trial that certain testimony he gave during the trial was false. This motion was based upon

---

2. Defendant testified both on direct and cross-examination that Platt told him that his friend wanted only $15 back. Because defendant's answers on cross-examination were not responsive, the record is ambiguous whether defendant gave Platt the entire $50 or only $15 thereof; however, the jury could fairly infer from defendant's testimony that he returned only $15.

Platt's deposition, taken on November 1, 1972, during which he testified that:

"A. * * * I did purchase LSD or purple bottle, whatever you want to call it, from Reginald Furlow, the only thing I did that made me really feel bad because I don't want to see anyone go to the 'pen'. I'm sorry I ever got mixed up in the thing. I couldn't remember the times. Just more or less made them up as we went along, and I wasn't sure of it.

* * * * * *

"A. I was sure of the places where I was at. I wasn't sure of any of the time.

* * * * * *

"Q. What are you referring to by time?

"A. Just as far as hours, it could have been a couple hours either way, I don't know.

* * * * * *

"A. I was sure about everything except the times. Like I said, it could have been an hour or two either way."

SDCL 23-50-2 provides that a new trial may be granted:

"(8) When new evidence is discovered material to the defendant, and which he could not with reasonable diligence have discovered and produced at the trial."

 A motion for a new trial is addressed to the discretion of the trial court, whose ruling thereon we may not disturb unless we are satisfied that the court has abused that discretion. State v. Kindvall, 86 S.D. 91, 191 N.W.2d 289. Newly discovered evidence which merely will impeach or discredit a witness who testified at trial is not sufficient to justify granting a new trial, State v. Compton, 48 S.D. 430, 205 N.W. 31; State v. Plucker,

71 S.D. 78, 21 N.W.2d 280; City of Sioux Falls v. Famestad, 71 S.D. 98, 21 N.W.2d 693.

█ It is noteworthy that during his testimony at trial Platt gave approximations of the time of the meeting with defendant at the North View Inn and at defendant's home on the night of the offense. The most that can be said from his post-trial deposition is that the meeting with Furlow could have occurred either an hour earlier or an hour later than the time testified to at trial. The state was required to prove only that the offense occurred on or about the date in question, July 4, 1972. In view of the fact that Platt's post-trial deposition testimony merely confirmed his testimony at the trial that, "I'm not sure what time it was," and, " * * * I don't know the exact time," the trial court did not abuse its discretion in denying the motion for a new trial.

The conviction is affirmed.

All the Justices concur.