STATE, Respondent v. MARTINEZ, Appellant

(220 N.W.2d 530)

(File No. 11350. Opinion filed July 25, 1974)

Neil Carsrud, Asst. Atty. Gen., Pierre, for plaintiff and respondent; Kermit A. Sande, Atty. Gen., Pierre, and Rolland E. Grosshans, State's Atty., Hot Springs, on the brief.

David P. Russell, Edgemont, for defendant and appellant.

DOYLE, Justice.

The defendant, Ambrose Martinez, was found guilty by a jury of attempted second degree rape on April 24, 1973.

In the afternoon of February 22, 1973, the defendant, his nephew, Mike Martinez, and Debra Morgan walked up the canyon of the hill behind the city liquor store of Hot Springs, South Dakota, to drink wine. They were later joined by Jim Moran. At the time, defendant Ambrose was 47 years old, Debra was 16, Mike was 14 and Jim Moran was 14. As Jim approached

the group on the hill, Mike Martinez asked Jim to have a talk. The two went over a knoll out of the sight of Ambrose and Debra. Ambrose had purchased at least three containers of wine, and when Jim and Mike left the group Debra was unconscious. When Jim and Mike returned after approximately one or two minutes they found Ambrose lying on top of the still unconscious Debra. Debra's arms were extended from her sides and Ambrose's hands were directly on top of hers. Debra's jeans and underwear were down around her knees, but Ambrose was fully clothed and was not exposed.

Mike Martinez then hit Ambrose and drove him down the hill where Ambrose had an employee of the city liquor store call the police because, as he said, two boys were beating up on him. Ambrose was arrested, tried by a jury, convicted of attempted second degree rape, sentenced to three years in the state penitentiary, and now appeals to this court.

The defendant contends that the evidence introduced at trial is insufficient to support a conviction of attempted second degree rape. SDCL 22-4-1 provides:

> "Every person who attempts to commit any crime and in such attempt does any act toward the commission of such crime, but fails or is prevented or intercepted in the perpetration thereof, is punishable  *  *  *"

as therein provided.

■ Defendant cites State v. Judge, 1964, 81 S.D. 128, 131 N.W.2d 573, as stating the applicable law and the correct interpretation of this statute. We agree that the case is controlling when it states:

> "[T]o consummate an attempt to commit a crime there must be something more than mere intention or preparation. The attempt must be manifested by acts which would end in accomplishment, but for intervening circumstances occurring apart from, and independent of, the will of the defendant. (citations omitted) There is a difference between preparation antecedent to an offense

and the actual attempt to commit it. 'The preparation consists in devising or arranging the means or measures necessary for the commission of the offense; the attempt is the direct movement toward the commission after the preparations are made.' (citation omitted) In other words, to constitute an attempt the acts of the defendant must go so far that they would result in the accomplishment of the crime *unless frustrated by extraneous* circumstances. As stated in People v. Miller, 2 Cal.2d 527, 42 P.2d 308, 98 A.L.R. 913: 'The reason for requiring evidence of a direct act, however slight, toward consummation of the intended crime, is  *  *  * that in the majority of cases up to that time the conduct of the defendant, consisting merely of acts of preparation, has never ceased to be equivocal; and this is necessarily so, irrespective of his declared intent. It is that quality of being equivocal that must be lacking before the act becomes one which may be said to be a commencement of the commission of the crime, or an overt act, or before any fragment of the crime itself has been committed, and this is so for the reason that, so long as the equivocal quality remains, no one can say with certainty what the intent of the defendant is.' " 81 S.D. at 132-133, 131 N.W.2d at 575-576.

■ The defendant maintains that the commission of the last further act necessary to the actual accomplishment of the crime is requisite to an attempt. We believe, however, that the statute requires only "*any* act toward the commission of such crime  *  *  *" (emphasis supplied), and that State v. Judge, supra, interprets the statute as meaning any *unequivocal* act to insure that the intended result was a *crime* and not any other innocent act. The line between preparation and attempt is drawn at that point where the accused's acts no longer strike the jury as being equivocal but unequivocally demonstrate that a crime is about to be committed. See People v. Miller, 2 Cal.2d 527, 42 P.2d 308, 98 A.L.R. 913.

■ At oral argument the state listed the following sequence of events as unequivocally indicating an attempted rape:

1. The defendant's purchase of the wine.

2. Making the wine available to the minors. Defendant claims that they approached him about getting the wine. The state argued that the defendant first offered the wine to the minors. Either way, the defendant did make the wine available to them.

3. The defendant pulled down the victim's clothes.

4. The defendant laid on top of the victim.

The state conceded in oral argument that 1. and 2. above may ordinarily be equivocal in nature, but argued that 3. and 4., especially when following 1. and 2., certainly were not equivocal. Therefore, the state reasoned that the defendant had committed "any act" towards the commission of the crime and that those acts were unequivocal, leading only to the conclusion of attempted rape. To this we would add that since the defendant had partially undressed Debra and laid on top of her, all within the space of one or two minutes, the jury would be justified in finding that the defendant's acts had gone "so far that they would [have] result[ed] in the accomplishment of the crime unless frustrated by extraneous circumstances." State v. Judge, supra.

■ Although this court has never ruled on the specific question of a motion for a new trial based on the insufficiency of the evidence, it has held that in motions for a new trial based on other grounds, the granting of the motion is a matter solely within the discretion of the trial court and that this court will not interfere unless such discretion appears to be abused. State v. Furlow, 1973, 87 S.D. 634, 213 N.W.2d 705; State v. Larkin, 1972, 87 S.D. 61, 202 N.W.2d 862; State v. Norman, 1948, 72 S.D. 168, 31 N.W.2d 258. Other jurisdictions have held that the same rule applies to motions based on insufficiency of the evidence. State v. Klein, 1972, N.D., 200 N.W.2d 288; People v. Jackson, 1972, 41 Mich.App. 530, 200 N.W.2d 465. We see no reason to hold differently.

■ In reviewing the record before us we find evidence supporting the conclusion that defendant's acts were unequivocally directed towards the completion of a second degree rape. In

addition, we find no evidence of abuse of discretion on the part of the trial court.

The conviction is affirmed.

All the Justices concur.