STATE of South Dakota, Plaintiff
and Appellee,

v.

Kenneth A. WILLIS, Defendant
and Appellant.

No. 15201.

Supreme Court of South Dakota.

Considered on Briefs Sept. 18, 1986.

Decided Nov. 12, 1986.

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Drake A. Titze, Minnehaha County Public Defender, Sioux Falls, for defendant and appellant.

MORGAN, Justice.

On June 7, 1984, Kenneth A. Willis (Willis) was found guilty by a jury of two counts of rape in the first degree. Willis unsuccessfully appealed the decision (see *State v. Willis*, 370 N.W.2d 193 (S.D.1985)), but during this appeal process new evidence was discovered which Willis claims should entitle him to a new trial. The initial hearing on the motion for a new trial was held in September of 1984, but the trial court refused to rule on the motion because of the pending appeal before this court. In October of 1985, after the determination of the unsuccessful appeal, the trial court heard the motion for new trial coupled with a motion for a sentence modification. The trial court denied the motion for a new trial but ordered a sentence reduction from twenty-five to fifteen years. Willis now appeals the denial of his motion for a new trial. We affirm.

We have already cited the facts of this case in a prior opinion. *See Willis, supra.* A brief review shows us that Willis is alleged to have had sexual intercourse with Sharon Roesler (Roesler), a female resident of the Sioux Vocational School who has a low IQ and is considered mildly mentally handicapped. Willis was charged and subsequently indicted for sexual contact by coercion and sexual contact where the victim is incapable of giving consent. *See* SDCL 22–22–1. Willis was ultimately found guilty on both counts.

During the course of trial preparation, Willis' attorney made a discovery request to State to make available all relevant exculpatory information possessed by State regarding the charges alleged against Willis.

Some four months after the alleged rape took place, but before the trial, Roesler reported a second rape to the Sioux Falls Police Department. Police investigated the incident and ultimately filed a report on March 18, 1984. No charges were filed in this matter, although the investigating police officer did believe that sexual intercourse had taken place. The report indicates that Roesler accompanied a mentally handicapped male to his apartment where they eventually had sexual intercourse. The state's attorney's office decided "not to prosecute any individuals involved based upon the mental or IQ level of the male involved (IQ in the high 60's) and the circumstances under which the sexual contact occurred."

It is uncontradicted that the Sioux Falls Police Department and the Minnehaha County State's Attorney's Office investigated this charge, but no charges were brought against any of the people involved. No mention of this alleged rape was ever made to Willis or his counsel inspite of direct and continuing requests for any exculpatory evidence.

■ "A court on motion of a defendant or upon its own motion may grant a new trial if required in interest of justice." SDCL 23A–29–1. The granting of such a motion is discretionary with the trial court

and this court will not interfere with the trial court's exercise of that discretion unless it is abused. *State v. Lufkins,* 309 N.W.2d 331 (S.D.1981); *State v. Martinez,* 88 S.D. 369, 220 N.W.2d 530 (1974). Our most recent holding indicates that a two-fold test determines whether the trial court should grant a new trial based on newly discovered evidence: "(1) Is the evidence cumulative; and (2) is there a reasonable possibility that the newly discovered evidence would probably produce a different result on retrial." *Lufkins,* 309 N.W.2d at 336. *See State v. Dowling,* 87 S.D. 532, 211 N.W.2d 572 (1973). We need not deal with the first element as no party claims the omitted evidence was cumulative. The only real issue in this case is whether there is a "reasonable possibility that the newly discovered evidence would probably produce a different result on retrial.".

■ We recognize that the "reasonable possibility" language in the second element makes the test somewhat unclear. This confusion stems from a sentence in the *Dowling* case. That case correctly set out the test as previously stated in a long line of South Dakota cases. The test as stated by the *Dowling* court is "whether there is a reasonable probability that newly discovered evidence would probably produce a different result on new trial." *Id.* at 536, 211 N.W.2d at 574. The confusing part of the opinion is in the next sentence following the court's restatement of the rule. The *Dowling* court goes on to say: "In view of this case law it is important that we examine the facts of this case and whether this affidavit could *possibly* produce a different result on a new trial." *Id.* (Emphasis added.) This is where the *Lufkins* court apparently came up with the "reasonable possibility" rather than the "reasonable probability" as had been required in the past. We find the "reasonable possibility" language to be confusing and inconsistent with the remaining portion of the test and is, therefore, discarded. We return to the old test, that being whether there is a reasonable probability that newly discovered evidence would probably

produce a different result on re-trial. *See Skinner v. F.C. Krotter Co.,* 72 S.D. 622, 38 N.W.2d 145 (1949); *Mundt v. Munce,* 71 S.D. 200, 23 N.W.2d 159 (1946); *Island v. Helmer,* 63 S.D. 362, 258 N.W. 812 (1935); *State v. Southmayd,* 37 S.D. 375, 158 N.W. 404 (1916).

In addition, we are well aware of the recent United States Supreme Court decision of *United States v. Bagley,* 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985), wherein the Court dealt with prosecutorial failure to disclose evidence favorable to the accused. In that case, the Court set out a standard nearly identical to our own. "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." *Bagley,* 473 U.S. at ——, 105 S.Ct. at 3384, 87 L.Ed.2d at 494.

We recognize that the prosecutor in this case was a special state's attorney and was not involved in the day-to-day operations of the Minnehaha County State's Attorney's Office. It is uncontradicted, however, that an assistant state's attorney from the state's attorney's office was involved in the investigation of the second alleged rape. Furthermore, the same police detective investigated both cases. Prosecutors all too often forget that a criminal trial is a search for the truth and not a quest for a conviction. The defendant has an inalienable right to a fair trial and it is the duty of the prosecutor, as much as any other officer of the court, to see that the defendant gets a fair trial.

■ We certainly do not condone the activities of the Minnehaha County State's Attorney's Office in handling this newly discovered evidence. We do not believe, however, that there is a reasonable probability that this evidence would probably produce a different result at a new trial.

Initially, we question, without deciding, whether this newly discovered evidence would be admissible at trial. State cites us to a number of cases where evidence such as this was held inadmissible unless the other charges of rape were shown to be "demonstrably" or "convincingly" false. The second charges of rape leveled by Roesler were not shown to be demonstrably or convincingly false. The state's attorney had good reasons not to prosecute the mentally handicapped, deaf male involved in the second incident. We do not, by way of this opinion, adopt either the demonstrably false or convincingly false standard for the admissibility of this type of evidence. We simply refer to the standards since they may have a bearing on the ultimate admissibility of the newly discovered evidence.

We also believe that this newly discovered evidence acts merely to impeach or discredit Roesler. We have held on numerous occasions that a new trial is not warranted when newly discovered evidence merely impeaches or discredits a witness at trial. *See State v. Kaseman,* 273 N.W.2d 716 (S.D.1978); *State v. Gerdes,* 258 N.W.2d 839 (S.D.1977); *State v. Martinez,* 88 S.D. 369, 220 N.W.2d 530 (1974); *State v. Furlow,* 87 S.D. 634, 213 N.W.2d 705 (1973). Willis contends in his reply brief that "[t]he evidence need not be used to attack the credibility of the witness (S.R.), but could be utilized to show her ability to consent to sexual contact and her capacity to engage in such contact without coercion." Simply showing that Roesler engaged in sexual contact without coercion on another occasion in no way shows that she engaged in sexual contact without coercion with Willis. The foregoing argument lacks serious merit. Nor do we believe that the newly discovered evidence "could be utilized to show her ability to consent to sexual contact." Willis fails to realize that consent has both physical and mental components. The fact that she may have engaged in sexual contact on other occasions does not show that she had the mental capacity to make an informed decision about engaging in sexual contact at that time or when she had intercourse with Willis.

We cannot say that the trial court abused its discretion in denying Willis' motion for

new trial. The judgment of the trial court is affirmed.

FOSHEIM, HENDERSON and SABERS, JJ., concur.

WUEST, C.J., concurs specially.

WUEST, Chief Justice (concurring specially).

I strongly concur with the majority's opinion holding there must be a "reasonable probability" as distinguished from a "reasonable possibility" as explained therein. However, the later rape complaint wasn't admissible because it was not relevant to any of the issues in the present case. Therefore, the trial court properly denied the motion for a new trial.

Lastly, the incident wasn't exculpatory evidence and therefore the state's attorney shouldn't be faulted for failing to disclose the incident.