STATE of South Dakota, Plaintiff
and Appellee,

v.

Scott SCHMIEDT, Defendant
and Appellant.

No. 18630.

Supreme Court of South Dakota.

Considered on Briefs Oct. 20, 1994.

Decided Dec. 14, 1994.

Mark W. Barnett, Atty. Gen., Craig M. Eichstadt, Deputy Atty. Gen., Pierre, for plaintiff and appellee.

Michael B. Crew of Crew and Crew, Sioux Falls, for defendant and appellant.

PER CURIAM.

### ACTION

A jury convicted Scott Schmiedt (Schmiedt) of aggravated assault of Mitchell police officer Kessler. SDCL 22–18–1.1(5) (attempt by physical menace with a deadly weapon to put another in fear of imminent serious bodily harm). Schmiedt appeals his conviction alleging insufficiency of evidence and errors of law. We affirm.

### FACTS

At 11:15 p.m. on July 1, 1993, Mitchell police were called to the Schmiedt home after Donna Schmiedt (Donna) telephoned

them and reported that her husband, Schmiedt, had hit her and was planning to leave with their two-year-old son. Officer Pardy was the first to arrive.

As Officer Pardy approached the front door he could see Donna crying. He entered the home and began questioning Donna and Schmiedt. During the questioning he noticed two pistols on a table a foot behind where Schmiedt was sitting. Schmiedt asked Officer Pardy whether he saw what was behind Schmiedt. Officer Pardy said yes. Schmiedt said, "it makes you nervous, doesn't it?" When the officer replied yes, Schmiedt told him that it was supposed to.

Officer Appletoft arrived and heard Schmiedt "angrily" ask Officer Pardy whether he was nervous. Officer Appletoft did not know what Schmiedt was referring to, but he could tell that Officer Pardy was nervous. Officer Appletoft began speaking to Donna. When Officer Kessler arrived, Officer Appletoft took Donna outside.

Officer Kessler walked toward Officer Pardy's left side. As he did, he heard Schmiedt say "don't you guys come any closer" and "you are in my territory now." Schmiedt referred to a table three feet from himself. Officer Kessler looked and saw a single-action revolver and a double-action handgun on the table. Behind the cylinder of the double-action handgun he saw brass colored objects which he knew to be ammunition or the casing of ammunition.

Officer Pardy left to go outside to confer with Officer Appletoft. One minute later, Schmiedt "suddenly reached down and grabbed the double-action handgun that [had] the brass colored ammunition inside." Schmiedt started walking away from Officer Kessler to the kitchen. At that point Officer Kessler:

> became very scared. I drew my handgun. I pointed it at him and began to yell, "put it down, put it down now," and I started backing up as quickly as I could to the front door of the house. I had no cover.

Schmiedt continued to casually walk toward the kitchen with the gun at his side. According to Officer Kessler, Schmiedt held the middle portion of the gun with his right hand with his fingers down and his thumb over the opposite side of the gun. His thumb was at the rear of the gun over the hammer.

From the tone of Officer Kessler's voice, Officer Appletoft could tell that what was happening in the house was not good. He drew his weapon, entered the front door, and collided with Officer Kessler who was backing out. He saw Schmiedt's "big gun." He and Officer Kessler continued to repeatedly tell Schmiedt to put the gun down.

Officer Pardy, who was outside, observed the scene through the picture window. He had his gun drawn because Schmiedt had control of the hammer of his weapon and could "slip right into the grip of the pistol."

Schmiedt continued to the refrigerator where he got a pack of cigarettes from the freezer. He turned and started toward Officers Appletoft and Kessler who were continuing to order him to put down the gun. He finally placed the gun on the counter with it pointing toward the officers.

Schmiedt refused Officer Appletoft's order to get up against the wall. Instead he started opening the cigarettes and told the officers "fuck you, go ahead and shoot me." As Officer Kessler went to secure the gun, Officer Pardy reholstered his weapon, walked past Officer Appletoft, forcibly took Schmiedt to the couch, and arrested him for the simple assault of his wife.

Schmiedt was charged by complaint with the simple assault of Donna and the aggravated assault of Officer Kessler. Following a preliminary hearing, he was bound over on the aggravated assault charge. The simple assault charge was dismissed without prejudice.

### ISSUE ONE

WAS THE EVIDENCE SUFFICIENT TO SUPPORT SCHMIEDT'S CONVICTION OF THE AGGRAVATED ASSAULT OF OFFICER KESSLER UNDER SDCL 22–18–1.1(5)?

This court's method of evidentiary review is well-settled. In determining the sufficiency of evidence on appeal, the test is

whether there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilt beyond a reasonable doubt. In making this determination, this court must accept the most favorable inferences that can be drawn therefrom in support of the verdict.

*State v. Miskimins,* 435 N.W.2d 217, 222 (S.D.1989).

In this case Schmiedt was charged with violating subsection 5 of SDCL 22–18–1.1 the aggravated assault statute. That subsection provides that any person who "[a]ttempts by physical menace with a deadly weapon to put another in fear of imminent serious bodily injury" is guilty of aggravated assault. "Attempt" under this section is where any person "attempts to commit a crime and in the attempt does any act toward the commission of the crime, but fails or is prevented or intercepted in the perpetration thereof[.]" *State v. Stapleton,* 387 N.W.2d 28, 31 (S.D. 1986) (quoting SDCL 22–4–1). The predecessor of the attempt statute has been interpreted to require

> only "*any* act toward the commission of such crime ..." (emphasis supplied), and that *State v. Judge, supra* [81 S.D. 128, 131 N.W.2d 573 (1964)], interprets the statute as meaning any *unequivocal* act to insure that the intended result was a *crime* and not any other innocent act. The line between preparation and attempt is drawn at that point where the accused's acts no longer strike the jury as being equivocal but unequivocally demonstrate that a crime is about to be committed.

*State v. Martinez,* 88 S.D. 369, 372, 220 N.W.2d 530, 531 (1974) (emphasis original).

■ Schmiedt contends that his actions did not demonstrate an unequivocal act toward the commission of aggravated assault. He points to the fact that he held the gun at his side during the whole incident and his grip of the gun signaled that he did not intend to fire it.

Schmiedt ignores several factors which militate against his position. Schmiedt told Officer Kessler not to come any closer because he now was in Schmiedt's territory. Schmiedt directed his attention to a nearby table where two guns were placed. Officer Kessler could see that the double-action handgun was loaded with ammunition. Schmiedt "suddenly" grabbed the loaded gun. He ignored repeated orders to put the gun down. While he kept the gun at Schmiedt's side, it was always under his control as he moved through the room and his hand was on the gun in a position where he could slip it into the grip of the pistol. These actions—specific to Officer Kessler—certainly evince an attempt by physical menace to put another in fear of imminent serious bodily harm.

## ISSUE TWO

DID THE TRIAL COURT ERR IN REFUSING TO GIVE SCHMIEDT'S PROPOSED INSTRUCTION DEFINING THE WORD "ATTEMPT?"

> Schmiedt's proposed instruction six read: The word "attempt" as used in these instructions means: some movement made by the person to use the weapon.

The trial court refused this instruction. In its view the word attempt did not require a legal definition since in common, everyday usage it means to try or to endeavor.

■ Schmiedt admits that his proposed instruction defining "attempt" is excessive.* He contends, though, that his proposed instruction brought the concept of defining attempt to the court's attention and, therefore, an appropriate instruction should have been included.

■ Jury instructions are adequate, if when considered as a whole, they correctly state the law and inform the jury. *State v. Oster,* 495 N.W.2d 305 (S.D.1993). Specific words used in instructions which are self-explanatory and readily understood need not be specifically defined. *State v. Henry,* 87 S.D. 454, 210 N.W.2d 169 (1973). The word "attempt" has been held to be such a word:

> According to Webster's Third New International Dictionary, the word "attempt"

---

* In addition, it is not even an accurate definition of attempt. *State v. Stapleton,* 387 N.W.2d at 31; SDCL 22–18–1.1(5); SDCL 22–4–1; Webster's New World Dictionary, Second College Edition.

means, "to make an effort to do, accomplish, solve, or effect * * *." That one must intend to do that which one is attempting is implicit in the foregoing definition. (*See* R. Perkins, Perkins on Criminal Law 573 (2d ed. 1969).) We feel that the jury so understood the use of the word "attempt" in the instructions given. Where the terms employed in an instruction are of general use, and are not technical terms or words of art, they need not be defined, in the absence of anything in the charge to obscure their meaning. (*People v. Monroe*, 32 Ill.App.3d 482, 335 N.E.2d 783 (3d Dist.1975).)

*People v. Miner*, 46 Ill.App.3d 273, 4 Ill.Dec. 766, 773–74, 360 N.E.2d 1141, 1148–1149 (1977). *Accord, State v. King*, 287 N.C. 645, 215 S.E.2d 540 (1975) (word "attempted" is so well understood by the average person that it would have been a waste of time to define it); *State v. McNeely*, 244 N.C. 737, 94 S.E.2d 853 (1956) (word "attempt" is clearly understandable).

The trial court did not err by refusing to define the word attempt in the jury instructions.

### ISSUE THREE

IS SDCL 22–18–1.1(5) A SPECIFIC INTENT CRIME?

■ The trial court refused to give Schmiedt's proposed jury instruction that said:

In the crime of aggravated assault there must exist in the mind of the perpetrator the specific intent to physically menace another with a deadly weapon by putting them in fear of imminent serious bodily harm. If specific intent did not exist, this crime has not been committed.

The trial court refused this instruction based upon the rationale of *State v. Rash*, 294 N.W.2d 416 (S.D.1980). Schmiedt now argues that an attempt to commit a crime requires specific intent.

■ *State v. Rash, supra*, dealt with this precise issue in the context of SDCL 22–18–1.1(1):

Any person who:

1) Attempts to cause seriously bodily injury to another, or causes such injury, under circumstances manifesting extreme indifference to human life;

\* \* \* \* \* \*

is guilty of aggravated assault.

The court noted that specific intent means some intent in addition to the intent to do the physical act which the crime requires; general intent means the intent to do the physical act which the crime requires. *Id.*

SDCL 22–18–1.1(1) refers to "attempts" but not to "intent." Appellant argues that the use of the word "attempts" shows that the legislature meant to require the state to prove that a defendant had a specific desire. Yet this court has said that the word "attempt" means that an accused's acts "unequivocally demonstrate that a crime is about to be committed." *State v. Martinez*, 88 S.D. 369, 372, 220 N.W.2d 530, 531 (1974).

*State v. Rash*, 294 N.W.2d at 417.

In reading the statute as written, we conclude that the legislature intended for the statute to cover *all* acts, so long as (1) the person either attempted to cause or actually did cause serious bodily injury to another, and (2) the circumstances under which the act was done manifested extreme indifference to the value of human life. The statute says nothing about intent.

*State v. Rash*, 294 N.W.2d at 418.

The same rationale is applicable to SDCL 22–18–1.1(5) ("attempts by physical menace with a deadly weapon to put another in fear of imminent serious bodily harm.") It is silent as to intent and the only intent necessary is a general intent to try to put someone in fear by physical menace with a deadly weapon.

The judgment is affirmed.

MILLER, C.J., and WUEST, SABERS, AMUNDSON and KONENKAMP, JJ., participating.